**Harvey F. EUGE, Appellant,**

v.

**LEMAY BANK & TRUST COMPANY, a Corporation, Respondent.**

**No. 51058.**

Supreme Court of Missouri,

Division No. 1.

Feb. 8, 1965.

Harvey F. Euge, St. Louis, pro se.

Tralles, Hoffmeister & Gilpin and Fred J. Hoffmeister, St. Louis, for respondent.

HIGGINS, Commissioner.

Action for $160,000 actual and punitive damages for alleged malicious prosecution. The court dismissed without prejudice for failure to prosecute. The amount in dispute being in excess of $15,000, this court has jurisdiction. Article V, Section 3, Missouri Constitution, V.A.M.S.; Section 477.040, RSMo 1959, V.A.M.S.

The transcript shows that appellant's petition was filed January 23, 1959; that the cause was on the dismissal docket of June 20, 1960, and removed therefrom upon security for costs being furnished by appellant; that it was on the dismissal docket of May 28, 1962, and removed therefrom on May 29, 1962, at the request of appellant; that it was on the dismissal docket of No-

vember 22, 1963, at which time the dismissal was ordered; that on December 2, 1963, appellant filed motion to set aside the order of dismissal, which motion was overruled by expiration of 90-days' time.

The sole issue is whether the trial court abused its discretion.

■ The general rule is that courts have inherent power, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence, and that the action thereon will not be disturbed on appeal unless such discretion was abused. City of Jefferson v. Capital City Oil Co., Mo.App., 286 S.W.2d 65, 68[2]; Salle for Use and Benefit of Mandel v. Holland Furnace Co., Mo., 337 S.W.2d 87, 90[5]. The record here shows the case to have been pending for just two months short of five years which the trial court could properly conclude to be an unreasonable delay absent a valid excuse.

Appellant argues that a valid excuse for his delay is that he had to file the suit when he did in order to toll the statute of limitations, and that dismissal would cause the statute of limitations to become a bar to another action. Appellant stated in his motion to set aside the dismissal that "there is now pending * * * State of Missouri v. Harvey F. Euge, * * * a criminal case * * * the transaction upon which plaintiff's cause of action is predicated; * * * which has not as yet been tried, determined, or finally disposed of and that the final outcome of said criminal cause is the basis upon which plaintiff's cause of action is predicated." Appellant's petition states that the alleged malicious prosecution is "a misdemeanor *pending* in the Magistrate Court."

■ Rather than provide a valid excuse for delay in prosecuting his action, appellant's argument demonstrates the propriety of the trial court's action in dismissing this suit without prejudice. Instead of alleging termination of the alleged malicious action, appellant has done the opposite and stated that such action is still pending, in which case he states no cause of action. Niedringhaus v. Zucker, Mo., 208 S.W.2d 211[1]; Ripley v. Bank of Skidmore, 355 Mo. 897, 198 S.W.2d 861, 866[22]. The petition thus shows that it was prematurely filed because no cause of action could accrue until the alleged malicious prosecution terminated in appellant's favor. Zickel v. Knell, 357 Mo. 678, 210 S.W.2d 59, 60[1], 3 A.L.R.2d 1304. The statute of limitations would commence to run against appellant only upon such termination of the alleged malicious action.

Under these circumstances there was no abuse of discretion, and the judgment is affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All concur.