Larry **MEYER**, a Minor by Vernon Meyer, His Next Friend, Plaintiff-Appellant,

v.

Byron D. **VINSON** and Jackie Burl Hickerson, Defendants-Respondents.

Vernon **MEYER** and Madeline Meyer, Appellants,

v.

Byron D. **VINSON** and Jackie Burl Hickerson, Respondents.

Vernon **MEYER** and Madeline Meyer, Appellants,

v.

Byron D. **VINSON**, Respondent.

Nos. 25176–25178.

Kansas City Court of Appeals.

Missouri.

Dec. 1, 1969.

**1. Attorney and Client** ⚖︎77

Client must suffer consequences of attorney's inattention or negligence.

---◇---

James J. Wheeler, Keytesville, for appellant.

Chapman & Chapman, Chillicothe, for Jackie Burl Hickerson.

Edward W. Speiser, Salisbury, for Byron D. Vinson.

JAMES W. BROADDUS, Special Commissioner.

These are appeals from orders of the Circuit Court entered in three cases dismissing plaintiffs' causes of action for failure to prosecute. The three cases were consolidated by order of this Court.

The essential facts are as follows: All of the cases were filed in the Circuit Court of Chariton County on the 24th day of July, 1961. All three arose out of one accident, which is alleged to have taken place on the 8th day of August 1956, when two automobiles, one driven by defendant Vinson, the other by defendant Hickerson, collided at the intersection of two gravel roads in Chariton County, Missouri.

Case No. 25176 is by Larry Meyer, then a minor, but not now, by his father, Vernon Meyer, as next friend, praying for damages for personal injuries in the amount of $10,000.

Case No. 25177 is by the parents of Larry Meyer for medical expense incurred in treating the minor and loss of his services. The amount prayed for was $3,000.

Case No. 25178 is by the parents of the minor for property damages to the motor car in which the minor was a passenger. The amount claimed was $700.

All the petitions contain the same allegations of negligence. The record in each of the three cases is identical. Only the transcript filed in Case No. 25176 contains the testimony.

As stated, petitions were filed in the three cases on July 24, 1961. On June 29, 1966, defendants filed motions to dismiss for want of prosecution. On July 7, 1966, said motions were overruled by the court. Then on October 2, 1968, defendants again filed motions to dismiss for want of prosecution. On October 10, 1968, a hearing was held on the motions and the petitions were dismissed.

Considerable testimony was offered at the hearing pertaining to what took place prior to the filing of the suits. As to that testimony the court said: "I think we have gone into quite a bit here that perhaps should not be too material as to the ruling upon these motions. What transpired before the filing of the actions I think is not too important, and their understanding about it, because the motion to dismiss for failure to prosecute has to come from the time the action is filed." With that we agree.

The evidence is undisputed that plaintiffs took no positive action to bring the cases, or any of them, to trial from the time of filing their petitions on July 24, 1961, to the day defendants' motions to dismiss for want of prosecution were sustained by the trial court on the 10th day of October, 1968, a period of more than seven years.

Plaintiffs all resided at Brunswick, Missouri, and their then attorney at Carrollton. During all the period of time from July 24, 1961, to October 10, 1968, plaintiffs never saw their attorney or talked to him about the cases or their prosecution. Plaintiff, Vernon Meyer, who employed the attorney to represent all the plaintiffs in the three cases involved here, was an experienced business man, owning or being actively associated with the Brunswick Sales Company, Brunswick, Missouri. Carrollton and Brunswick are both on U.S. Highway No. 24 and only 20 miles apart.

█ Plaintiffs seek to place the blame for the unreasonable delay on their former attorney. To obtain relief from the dismissal of their cases for failure to prosecute with due diligence, plaintiffs, the defaulting parties, must do more than point the finger of blame at forgetful or neglectful counsel, for a client must suffer the consequences of the attorney's inattention or negligence. As said in the case of O'Connell v. Dockery, Mo.App., 102 S.W.2d 748, 751:

"It is not enough for the petitioner to point the finger of blame toward his own attorney who has neglected to look after his client's interest. The client takes the consequence of his attorney's neglect as though he had been the actor." (Citing a long list of cases)

There can be no dispute as to the rule of law which governs these cases. It is stated by this court in the case of City of Jefferson v. Capital City Oil Co., Mo.App., 286 S.W.2d 65, as follows:

█ "The general rule is that courts have the inherent power, in the exercise of a sound judicial discretion, to dismiss a case for failure to prosecute with due diligence, and that the action thereon will not be disturbed on appeal unless such discretion was abused." (Citing cases) Later cases to the same effect are Arky v. St. Louis County Producers Market Co., Mo. App., 312 S.W.2d 156; Euge v. Lemay Bank & Trust Co., Mo., 386 S.W.2d 398 and

Schreck v. Parker, Mo.App., 388 S.W.2d 538.

█ *The City of Jefferson* case, *supra,* also holds that movants (defendants-respondents) are not required to show that they have been injured and that plaintiffs gained some advantage by unreasonable delay. The law presumes injury from the unreasonable delay.

█ Showing that the experienced judge exercised a sound discretion we quote his comments at the time of ruling on the motions.

"I feel that everyone who has a case should have the right to have it tried by a jury if he proceeds according to the rules and laws as set out to provide for such a trial.

"Here we have seven years' time since the suit was filed and the client says he has never seen his lawyer in all that time, and it doesn't seem reasonable to me. This case was noticed up for disposition or dismissal over two years ago and there was assurance at that time that it would be prosecuted, to go ahead and get the case disposed of. But two years later, after notice was filed to dismiss it again, why, you come in with the same assurance.

"Now, it isn't up to the defendants to seek dates for trial, they've done about all they can do on this it seems to me, and I think it's within the cases, I know cited before, that the cases should have been prosecuted or should be dismissed. I don't like to deprive anybody of their rights to trial on any issue that they have, but it does seem to me like that there has not been the type of diligence used here that would justify continuing it on, opening it with another session of getting ready for trial, or supposed to be getting ready for trial, I just think that the court should not encourage or tolerate delays of this kind."

The judgments of dismissal should be affirmed. Your Special Commissioner so recommends.

PER CURIAM:

The foregoing opinion by JAMES W. BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court and the judgments of dismissal are affirmed.

All concur.