Daryl D. ESSLINGER and Maxine Esslinger, Plaintiffs-Appellants,

v.

James P. ROACH, Trustee, and Agricultural Business Co., Inc., a Kansas Corporation, Defendants-Respondents.

No. 55051.

Supreme Court of Missouri, Division No. 1.

March 8, 1971.

John M. Belisle and Morran D. Harris, Osceola, for plaintiffs-appellants.

James P. Roach, Camdenton, W. Kenneth Wilke, Topeka, for defendants-respondents.

LAURANCE M. HYDE, Special Commissioner.

Action to set aside trustee's deed executed on foreclosure of a deed of trust securing a note for $20,000 and for $5,000 actual and $10,000 punitive damages. The trial court entered a judgment of dismissal on June 4, 1968. Plaintiffs filed a motion to set aside this dismissal on July 3, 1968. On June 2, 1969, plaintiffs' motion to set aside dismissal was overruled. On June 21, 1969 plaintiffs again filed a motion to set aside dismissal, claiming the order had been entered without notice of the hearing to plaintiffs' attorneys. Thereafter, on September 9, 1969, plaintiffs' motion to set aside dismissal was overruled and plaintiffs have appealed from this judgment of dismissal. We affirm.

This action was commenced May 24, 1962. The petition alleged the foreclosure was of a second deed of trust executed by plaintiffs securing a $20,000 note which was subject to a first deed of trust securing $9,500. It was alleged this foreclosure was on May 19, 1962 and that Agricultural Business Co., Inc., hereinafter called defendant, was the purchaser. It was alleged the note and second trust deed were without any consideration and void. Defendant's answer alleged a valid consideration. On February 19, 1964, plaintiffs filed an amended petition alleging that prior to the foreclosure sale thay had conveyed the mortgaged property to Jack Richards therein named as a plaintiff. Defendant filed a motion to dismiss on grounds that plaintiffs stated they had no interest in the land at the time the case was instituted and that Jack Richards had not obtained leave of court to intervene or to file a separate action. On March 7, 1966, the cause was dismissed for lack of prosecution.

On March 10, 1966, plaintiffs' original attorneys having withdrawn, a Kansas City firm entered appearance as plaintiffs' attorneys and filed a motion to set aside the dismissal. This dismissal was set aside on April 25, 1966. Another motion to dismiss was filed by defendant on September 23, 1966 on the ground that plaintiffs' amended petition showed they had no interest in the land and that Jack Richards had not obtained leave to intervene and was now barred by the statute of limitations. Defendant also filed an answer and counterclaim for damages for withholding possession. The case was set for trial on January 24,

1967 but was continued on application of plaintiffs' attorneys. It was again set for trial on April 4, 1967 but was continued because of illness of defendant's counsel. Thereafter, on May 6, 1968, plaintiffs' Kansas City attorneys withdrew and on June 4, 1968 defendant's motion to dismiss was sustained. (This is the dismissal involved on this appeal.) Thereafter on July 3, 1968, defendant's present attorneys entered their appearance and filed motion to set aside dismissal. On May 31, 1969, plaintiffs filed a motion stating Jack Richards was never a real party in interest but that plaintiffs conveyed titled to him in connection with an agreement which was never consummated and his interest had been reconveyed to plaintiffs. Plaintiffs asked leave to strike him as a party plaintiff, withdraw their amended petition and proceed on their original petition. As hereinabove noted the court on June 2, 1969, overruled plaintiffs' motion to set aside dismissal but permitted a new motion for that relief to be filed on June 21, 1969, and then made its final order of dismissal on September 9, 1969. The briefs of both parties in this court make statements concerning facts that do not appear in the transcript filed.

Plaintiffs claim the court abused its discretion in dismissing their case for failure to prosecute, saying they were not guilty of failure to prosecute with diligence; that passage of time alone was not a sufficient reason for dismissal; and that the order of dismissal was too harsh. Defendant says in any event the dismissal was proper because plaintiffs' amended petition shows they had no interest in the land at the time suit was commenced, having previously conveyed the land and therefore had no right to bring it; and also because defendants have been guilty of laches. Plaintiffs cite 24 Am.Jur.2d Dismissal, Discontinuance, and Nonsuit, § 53, p. 44; also 24 Am.Jur.2d, § 59, p. 50, and 24 Am.Jur.2d, § 66, p. 57. However, it is stated in § 66: "It is the plaintiff who has the obligation of going forward to escape the penalty of dismissal for delay." Defendant points out that 17 regular terms of court have passed since the case was filed and that at the March 1966 term was dismissed but reinstated when plaintiffs employed new attorneys. The record shows only one time when defendant was not available for trial due to illness. The record does not show whether any evidence was heard by the trial judge at the time of the final order, September 9, 1969, when plaintiffs' second motion to set aside the dismissal was overruled.

Plaintiffs also cited Schreck v. Parker, Mo.App., 388 S.W.2d 538, 541, recognizing the trial court "has the inherent power to dismiss for failure to prosecute with due diligence" but saying this "does not depend solely upon the length of time during which the case has been pending but must be determined, in the exercise of a sound judicial discretion, upon all of the facts and circumstances of that particular action." In that case, the court refused to find error in the trial court's overruling motions to dismiss when the only fact pleaded was that the cases had been "on the docket for more than five years," and no hearing was held and no evidence offered. Defendant also cites Kalberloh v. Stewart, Mo.App., 378 S.W.2d 820, holding dismissal with prejudice was too harsh under the circumstances. However, the dismissal in that case was not for failure to prosecute but was on the ground the petition did not state a claim upon which relief could be granted and was too indefinite and uncertain for defendants to prepare responsive pleadings.

"[C]ourts have inherent power, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence, and * * * the action thereon will not be disturbed on appeal unless such discretion was abused." Euge v. Lemay Bank & Trust Co., Mo.Sup., 386 S.W.2d 398; see also Guhman v. Grothe, 346 Mo. 427, 142 S.W.2d 1; Salle for Use and Benefit of Mandel v. Holland Furnace Co., Mo.Sup., 337 S.W.2d 87; 27 C.J.S. Dismissal & Nonsuit § 65(1), p. 430. In view of the record of plaintiffs' delay, fail-

ures to appear, and failure to prosecute even after the case had once previously been reinstated after dismissal for failure to appear, we cannot hold there was abuse of discretion in the final dismissal of this action by the court and its refusal to set aside this dismissal. Furthermore, it appears that dismissal was justified because of plaintiffs' admissions in their amended petition that they did not own the land when they commenced this action and thus were not real parties in interest at that time entitled to bring this action under § 507.010, RSMo, V.A.M.S.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by LAURANCE M. HYDE, Special Commissioner, is adopted as the opinion of the court.

SEILER, P. J., BARDGETT, J., and HENLEY, Alternate Judge, concur.

HOLMAN, J., not sitting.