**STATE of Missouri ex rel. STATE HIGHWAY COMMISSION of Missouri, Plaintiff-Appellant,**

**v.**

**Edgar H. W. GRAELER et al., On Exceptions of Magdalen T. Harrington, Defendant-Respondent.**

**No. 34740.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

April 24, 1973.

Motion for Rehearing or for Transfer Denied May 11, 1973.

Application to Transfer Denied July 16, 1973.

Robert L. Hyder, Jefferson City, Richard E. Baker, Kirkwood, for plaintiff-appellant.

Bahn & Saitz, St. Louis, for defendant-respondent.

SIMEONE, Judge.

This is an appeal by the State Highway Commission (hereinafter Commission) from an order of the Circuit Court of St. Louis County made on June 19, 1972, which sustained a motion to dismiss for failure to prosecute exceptions made to a condemnation award. We reverse.

The Commission instituted this condemnation action by filing a petition on April 3, 1964 to condemn a parcel of land belonging to defendant-respondent, Magdalen T. Harrington, in St. Louis County. On May 15, 1964 the court granted the Order of Condemnation prayed for in the petition and appointed three commissioners to assess damages. The commissioners filed their report, and on August 19, 1964 the Commission filed its exceptions to the award made to the respondent Harrington and requested a jury trial.

Many years passed with no action taken until 1970. On July 24, 1970, pursuant to a letter request from the Commission to the docket clerk, the case was set for trial on April 23, 1971, at which time it was continued by consent of both the Commission and the respondent and was reset for October 12, 1971. On October 15 the cause was called but continued "by Consent" and reset for January of 1972. On January 21, 1972 the cause was continued "By leave" for respondent and reset for April 17, 1972. On that date the Commission answered ready for trial and the following day the cause was assigned to Division No. 14. Respondent answered ready on April 18 and witnesses for appellant were present. On April 18 the respondent again moved for a continuance and the motion for continuance was sustained. Three days later the cause was reset for October 2, 1972. On April 22 the respondent moved for production of a certain document, and on April 25 filed a motion to dismiss for failure to prosecute pursuant to Rule 67.02, V.A.M.R. The motion was heard and the court granted it on June 19, 1972, because it found that ". . . the plaintiff failed to exercise due diligence in prosecuting said exceptions in that it did not request a trial setting of its exceptions filed on August 14, 1964 until the year of 1970. The Court further finds that this is an unreasonable delay without any valid excuse."

The Commission contends that the defendant-respondent may not now claim the right to move to dismiss for want of prosecution because the defendant's conduct is inconsistent with the right to move for dismissal, since the cause was continued both by consent and at the request of the defendant, and it took steps to try the case on

the merits. It further contends that because at some earlier time it failed to act with diligence, and defendant acted in a manner so that the Commission prepared for and incurred expenses of preparation for trial, the defendant is not at this time entitled to a dismissal for failure to prosecute.

On the other hand the defendant contends that the trial court acted within its discretion in dismissing the cause for failure to prosecute, and that injury to the defendant due to the unreasonable delay is sufficient reason for the trial court to order the dismissal of the exceptions.

Rule 67.02 and Sec. 510.140, RSMo 1969, V.A.M.S., state: "For failure of the plaintiff to prosecute or to comply with these rules (this code) or any order of court, a defendant may move for dismissal of an action or of any claim against him . . ."

█ We recognize the general principles. "The general rule is that courts have the inherent power, in the exercise of a sound judicial discretion, to dismiss a case for failure to prosecute with due diligence, and that the action thereon will not be disturbed on appeal unless such discretion was abused." City of Jefferson v. Capital City Oil Co., 286 S.W.2d 65, 68 (Mo.App.1956); Euge v. Lemay Bank & Trust Co., 386 S.W.2d 398 (Mo.1965); Esslinger v. Roach, 463 S.W.2d 861 (Mo.1971). The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in these days of crowded calendars. The power to dismiss is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law. Link v. Wabash R. Co., 370 U.S. 626, 629–630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

█ Here we deal with the limited issue of dismissing a cause upon motion of the defendant. Despite a long delay and despite what occurred in the past, we must determine the status of a dismissal upon motion of the defendant for failure to prosecute as of the time the motion to dismiss was made and not on occurrences which happened prior thereto.

We are not cited to, nor has our research disclosed, any prior Missouri decisions which would conclusively settle the issue. But authorities in other jurisdictions with similar procedures have held that under similar circumstances, and in the posture of the case at the time of the dismissal, the cause should not have been dismissed.

█ While the defendant had the right to move for a dismissal during the long years of inaction, the general principle is that the right to move for a dismissal for failure to prosecute is one which the defendant may waive by conduct which is inconsistent with his intention to exercise the right.

█ The law is that if at one time plaintiff failed to prosecute its cause with diligence and subsequent thereto the defendant takes steps indicating a willingness to try the cause, and *at that time* plaintiff is prosecuting the claim, the defendant may waive his right to move for dismissal. See Cervi v. Town of Greenwood Village, 147 Colo. 190, 362 P.2d 1050, 1053 (banc 1961); 27 C.J.S. Dismissal & Nonsuit § 49 (1959). ". . . the right to a [dismissal] may be waived if there is conduct indicating a willingness on defendant's part to try the case on the merits notwithstanding the delay, or if he is a party to, or causes the delay." Pennsylvania R. Co. v. City of Pittsburgh, 335 Pa. 449, 6 A.2d 907, 912 (1939). Such a waiver is even more pronounced when the defendant fails to act until the plaintiff prepares and incurs expenses of preparation for trial before making a motion to dismiss. Conduct on the part of the defendant which indicates a willingness to try the cause on the merits, even though there is delay, is a further indication of waiver. Pennsylvania R. Co., *supra.*

█ In this case defendant twice consented to continuances long after the ex-

ceptions were made and twice requested continuances on her own motion. In such instance we believe that although defendant may have been entitled to a dismissal at an earlier time, by consenting to and requesting the continuances so that plaintiff then prepared for trial and by making the motion to dismiss at a time when the parties announced ready, she waived her right to a dismissal. Pennsylvania R. Co., *supra*; Cervi, *supra*; Kafka v. O'Malley, 221 Minn. 490, 22 N.W.2d 845, 848 (1946). Defendant's conduct indicates that her right to dismiss for failure to prosecute was waived.

Defendant relies on City of Jefferson, *supra*. In that condemnation case, as here, exceptions were filed to the commissioners' report and a jury trial was requested on the issue of damages. Five years and four months later a motion to dismiss for want of prosecution was filed, and the trial court entered an order dismissing the exceptions of the City. The City contended that the court abused its discretion in dismissing the cause because the moving party did not show injury by the delay and the dismissal could not be made since the moving party was an actor by filing exceptions. The Kansas City District affirmed the order of dismissal, but was careful to point out that "The record does not disclose any entry or order of continuance made in the trial court during the entire time the exceptions were pending." City of Jefferson, *supra* at 68 of 286 S.W.2d. That case is not controlling.

We agree that the court has wide discretion in exercising its right to dismiss for failure to prosecute upon a motion made by defendant, and that all factors must be considered in determining whether to dismiss. Hennis v. Tucker, 447 S.W.2d 580 (Mo.App.1969). However, we believe that once defendant continued the cause by consent, and affirmative action and steps were taken to try the cause, and the motion was made after the parties announced ready, the defendant then waived the right to seek a dismissal and the court erred in dismissing the cause on the ground of unreasonable delay.

Defendant contends that although the defendant need not show any injury other than plaintiff's delay, City of Jefferson, *supra*, Meyer v. Vinson, 448 S.W.2d 316 (Mo.App.1969), she can show injury because the original appraiser had become incapacitated due to a heart condition, and the physical contour of the land had vastly changed so that it was virtually impossible to reconstruct the scene at the time of the condemnation. While it is true that defendant need not show injury other than delay, that issue is not dispositive of the issue presented, i. e., whether the dismissal should have been granted at the time it was. If there is undue delay and no damage is shown at the time the motion for failure to prosecute is filed, then the motion may well be granted. City of Jefferson, *supra*. But the showing of damage in and of itself cannot warrant a dismissal unless, in addition thereto, there is a failure to prosecute at the time the motion is filed. We believe that at the time the motion was filed there was not a failure to prosecute. Cf. Pennsylvania R. Co., *supra*, 6 A.2d at 912 [9].

In view of the facts and circumstances here we believe the motion to dismiss for failure to prosecute should not have been granted.

The order of the Circuit Court dismissing the cause is reversed and remanded.

SMITH, P. J., and McMILLIAN, J., concur.

Kelly, J., dissents in separate dissenting opinion.

KELLY, Judge (dissenting).

I respectfully dissent.

The opinion of the majority states essentially the rules of law applicable to the review by this court of an appeal from the action of a trial court in sustaining the motion of a party to dismiss for failure to prosecute pursuant to Rule 67.02 and Sec-

tion 510.140, RSMo.1969, V.A.M.S., and the inherent power of the court so to do. However, whether a given case should be dismissed for want of prosecution does not depend solely upon the length of time the case has been pending, *but must be determined, in the exercise of sound judicial discretion, upon all the facts and circumstances of the particular case.* Schreck v. Parker, 388 S.W.2d 538, 541 [2] (Mo.App., 1965). And once the trial court has exercised its discretion it is presumed that the action taken was correct and the burden rests upon the appellant to make an affirmative showing of error as a condition precedent to reversal. Schreck v. Parker, supra, 541 [3].

In reaching its conclusion the majority hold that not only must the respondent show injury, but "in addition thereto, *there is a failure to prosecute at the time the motion is filed.*" (Emphasis supplied.) This, in effect, shifts the burden to the respondent and if taken literally would deprive the reviewing court from looking behind the situation existing at the time the motion is filed, regardless of the facts and circumstances which might influence the trial court in the exercise of a sound discretion.

One fact and circumstance which this writer feels the trial court could, and did, consider was whether the failure of the appellant to timely prosecute its case for a period of more than six years put the respondent at an unfair disadvantage. This is particularly so in a case of this nature, where the appellant in the exercise of its power of eminent domain has taken the property of one of its citizens. The Constitution of Missouri, 1945, Art. 1, § 10, V.A.M.S., guarantees that no person shall be deprived of life, liberty or *property* without due process of law. By its very nature, a trial on exceptions to the Commissioners' Award in a condemnation case, revolves around the testimony of a qualified real estate appraiser familiar with the condition of the land taken and its value as of the time of taking. Without such testimony the landowner suffers a disadvantage, which in some cases deprives her of due process, and reduces the trial of the exceptions to a sham. The measure of damages is the market value of the property at the time of the taking. The appellant has utterly failed to show that the absence and unavailability of the respondent's appraiser did not put the respondent at an unfair disadvantage and has, therefore, failed to carry its burden on appeal to demonstrate that the trial court abused its discretion when it dismissed Appellant's Exceptions. Nor has the majority specifically so held; if at all, they have done so by inference alone.

The majority, in addition to finding that the appellant, at the time the motion to dismiss was filed, had finally awoke from its lethargy and placed the Exceptions on the trial calendar and therefore put the proceedings in a position to evade the natural consequences of its foot-dragging, also concluded that the respondent, by consenting with the appellant to two continuances and thereafter requesting two continuances on her own behalf waived her right to a dismissal on the grounds stated. The majority distinguish City of Jefferson v. Capital City Oil Company, 286 S.W.2d 65 (Mo.App., 1956) and places emphasis on the sentence in the opinion that the record did not disclose any entry or order of continuance made in the trial court during the entire time the exceptions were pending. The holding of the case is stated as follows, however, p. 68:

> "It is our conclusion that when the Schells showed that the city's exceptions had been pending for five years and four months, *an unreasonable delay unless a valid excuse was shown,* they were not required to also show that they had been injured thereby, or that the city had obtained some advantage." (Emphasis supplied.)

What brought about the quoted sentence with respect to the continuance was the contention that the respondent's motion to dismiss in the City of Jefferson case was

without merit if the moving party is also an actor in the case and has acquiesced in the delay. This attack was two-pronged: 1) that the Schells had consented to a continuance in May of 1954 and, 2) that the Schells, having also filed exceptions to the Commissioners' report were in the same position as a defendant who filed a counterclaim and therefore becomes an actor in the suit, and would not therefore be entitled to a dismissal for want of prosecution. This on the theory that when the defendant seeks affirmative relief he too should make some reasonable effort to bring the case to trial himself, and absent such effort cannot take advantage of the fact that the plaintiff has been guilty of neglect or of unreasonable delay.

The Schells denied any consent to a continuance and the record was devoid of any such entry. It was under those circumstances that the sentence quoted by the majority was written by the court; nowhere in the opinion did the court say that if the record had shown such a consent to continuance this would have affected its decision in the case. It merely deferred to the trial court's finding on the fact issue. As the court did say, p. 69:

> "However, the city's principal contention under this point is that the Schells, having filed exceptions to the report of the commissioners, are in the same position as a defendant who files a counterclaim . . ."

And the court then proceeded to hold, p. 69:

> "It is our conclusion that the weight of authority is that the mere fact that the Schells had also filed exceptions to the report of the commissioners would not affect their right to file a motion for dismissal of the city's exceptions."

What concerns me most about the majority opinion is that it overlooks the requirement of the City of Jefferson case that after so long a delay, here six years, the duty devolves upon the condemning authority to give a valid excuse for that delay and the property owner was therefore not required to show that it had been injured by the delay or that the condemning authority had obtained some advantage. This record is absolutely without any explanation whatsoever of the reason for the delay on the part of the condemning authority. The burden lies first on it to furnish a valid excuse, otherwise, as City of Jefferson holds, the dismissal is proper.

For the reasons stated I am unwilling to convict the trial court of an abuse of discretion and would therefore affirm.