**STATE of Missouri ex rel. James L. HAYDEN and Martha L. Hayden, Appellants,**

v.

**William E. CARR et al., Respondents.**

**No. WD 30827.**

Missouri Court of Appeals, Western District.

April 7, 1980.

P. Wayne Kuhlman, Liberty, for appellants.

John Ashcroft, Atty. Gen., Weldon W. Perry, Jr., Asst. Atty. Gen., Jefferson City, for respondents.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

TURNAGE, Presiding Judge.

James L. Hayden and Martha L. Hayden appeal from an order dismissing their cause of action because they failed to prosecute their claim with due diligence. The court ordered the cause dismissed with prejudice under Rule 67.02.

The Haydens contend error because the court failed to find the delay in prosecuting their suit was unnecessary and because the

court failed to consider the fact they had filed an amended pleading which showed they were diligently prosecuting their claim. Affirmed.

The Haydens first filed suit in the Circuit Court of Nodaway County on November 22, 1972. The transcript does not contain the original petition nor the first and second amended petitions. Up to the filing of the third amended petition, the transcript only contains the record entries made by the court. A summary of these entries follows:

November 22, 1972: Petition filed. (Names of defendants not given). Thereafter, motions to dismiss on behalf of various defendants were filed.

February 5, 1973: Plaintiffs granted leave to file first amended petition within 30 days and pending motions were held under advisement pending the filing of the amended petition.

February 21, 1973: Application for commission to take non-resident witness's deposition and notice to take depositions filed (on whose application was not shown). The application for commission was sustained.

March 1, 1973: Motion of Travelers Insurance Company to dismiss sustained.

March 2, 1973: Two depositions were filed.

March 7, 1973: First amended petition filed. (Names of defendants not given).

March 12, 1973: Haydens' motion for production of documents and other tangible things filed. One deposition filed.

March 29, 1973: Motion for production of documents sustained.

March 30, 1973: Five defendants filed a motion to dismiss.

April 13, 1973: Supplemental order to produce documents directed to William Kostman as successor to Duane Pemberton entered.

April 17, 1973: Kostman filed motion to quash motion for production and motion sustained.

May 23, 1973: Plaintiffs filed second amended petition. (Names of defendants not shown).

May 29, 1973: Five depositions filed on behalf of the plaintiffs.

June 25, 1973: Defendant's motions to dismiss second amended petition filed.

July 25, 1973: Plaintiffs filed motion for production of documents by Kostman.

September 7, 1973: Defendants filed suggestions in support of motion to dismiss, drop parties, strike, and request for more definite statement. Defendants also filed suggestions in opposition to plaintiffs' motion for production of documents. The court noted on this date the motions were taken up and a written brief was to be filed by the plaintiffs.

September 25, 1973: Motions were passed on the application of the plaintiff.

September 22, 1975: Plaintiffs filed application to file third amended petition with copy of petition.

October 2, 1975: Cause continued to November 3, 1975, for trial setting.

November 3, 1975: Leave granted to file third amended petition.

November 20, 1975: Certain defendants, unnamed, filed motions to dismiss.

March 1, 1976: The court entered an order which stated, "without objection cause transferred to Judge Riley of Cole County, Missouri. Motions to be heard and ruled in Cole County."

September 25, 1978: Plaintiffs filed fourth amended petition in Cole County.

October 25, 1978: Defendants filed motions to dismiss for failure to prosecute with due diligence and to strike the fourth amended petition because it was filed without leave of court or written consent of the defendants.

February 8, 1979: Plaintiffs' written application to file fourth amended petition filed.

February 21, 1979: The court sustained the motion to dismiss for failure to prosecute the cause of action and to strike the fourth amended petition because it was filed without leave of court or written consent. The dismissal was ordered to be with prejudice.

As noted, the only petitions in the record are the third and fourth amended. The third amended petition was filed by the Haydens against the State of Missouri; Warren E. Hearnes, Governor in December, 1971; John C. Danforth, Attorney General at that time; James C. Kirkpatrick, Secretary of State; Duane Pemberton, Commissioner of Finance, and his successor, William Kostman; the members of the State Banking Board and a number of State bank examiners. The petition alleged the Commissioner of Finance had wrongfully declared the First Community State Bank of Savannah to be insolvent and in doing so had acted in bad faith, arbitrarily, capriciously, willfully, wrongfully, knowingly and unlawfully when the Bank, in fact, was not insolvent. The petition further alleged the Commissioner and other state employees in his department were not covered by a bond as required by law. The petition alleged damages to Hayden by reason of his position as owner of the majority stock in the bank and injury to his reputation and credit standing. The petition sought $1,000,000 in actual damages and $4,000,000 in punitive damages. The fourth amended petition was essentially the same as the third except that it was separated into counts. It named the same defendants with the exception of Secretary of State Kirkpatrick. Each count prayed damages against various defendants in the amount of $1,000,000 in actual and $4,000,000 in punitive.

In the order dismissing the Haydens' cause of action, the court recited a brief history of the litigation and noted the cause had been transferred from Nodaway County in March, 1976, and no action was taken by any of the parties until September 25, 1978, when the Haydens filed their fourth amended petition. The court stated that a review of the files showed that the Haydens had never asked for a trial setting in this case.

On this appeal the Haydens acknowledge the right of the court to exercise its discretion to dismiss a cause of action for failure to prosecute, but contend the court failed to find that the delay shown by the records to have occurred was unnecessary and further that the court failed to consider the present state of the pleadings which the Haydens contend showed the case was being prosecuted. A review of the activity in this case, set out above, shows that from the time the case was instituted in November, 1972, until September, 1973, there was considerable activity. Depositions were filed which indicated discovery had taken place and various motions were filed. The first delay started on September 25, 1973, when the court noted that motions to dismiss, drop parties, to strike and have a more definite statement, and the Haydens' motion for production of documents were continued on the application of the Haydens. Thereafter, no activity appears for two years until September 22, 1975, when the Haydens filed their application to file their third amended petition. At that time nothing happened after the filing of the petition except for filing of motions by the defendants to dismiss, and in March, 1976, the cause was transferred from Nodaway County to Cole County. After the transfer nothing occurred until September 25, 1978, when the Haydens filed their fourth amended petition without either leave of court or written consent of the defendants as required by Rule 55.33(a). It was not until until February 8, 1979, that the Haydens filed a request for leave of court to file their fourth amended petition. In the meantime, the defendants had filed motions to dismiss and to strike the fourth amended petition.

It is apparent that since September 25, 1973, the only action taken by the Haydens has been to file their third amended petition in 1975 and their fourth amended petition in 1978. No evidence was presented to the trial court in connection with the motion to dismiss to show any reason for the delay in getting this case tried. Rule 67.02 authorized the defendants to move for a dismissal of this case for the failure of the Haydens to prosecute their action.

In *Shirrell v. Missouri Edison Co.*, 535 S.W.2d 446, 448[2] (Mo. banc 1976) it was stated: "Thus the only question presented on this appeal is whether the trial court

abused its discretion in dismissing for failure to prosecute." The court quoted from *Anderson v. Robertson*, 402 S.W.2d 589, 593[3, 4] (Mo.App.1966) to the effect that judicial discretion is abused when "a trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." The court further indicated that on appeal from a discretionary ruling by the trial court such ruling is presumed to be correct and the burden of showing an abuse of discretion is on the appellant. The court in *Anderson* further stated: " 'If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.' "

The Haydens at least tacitly acknowledge the foregoing rules and that they apply to this case, but rely on *Vonder Haar Concrete Co. v. Edwards-Parker*, 561 S.W.2d 134 (Mo. App.1978) for its statement that only unnecesary delay in prosecuting a cause is prohibited. They urge the delay in this case is not shown to be unnecessary. *Vonder Haar* does not aid the Haydens because of its factual distinctions. *Vonder Haar* involved an equitable mechanic's lien suit. The court pointed out in such action one of the claimants could bring the action and designate other claimants as well as the contractors and owners as defendants. The court stated the claimants, though designated as defendants, stood in the position of plaintiffs and it was as much their duty to prosecute the action as that of the plaintiff. Further, in that case at the time the motion to dismiss for failure to prosecute was filed, the case had been set for trial and trial had actually begun, though continued, and the parties were in court prepared to try the case at the time the court entered its order of dismissal. *Vonder Haar* is so factually different from the case at bar as to afford no support to the Haydens.

In *Euge v. Lemay Bank & Trust Company*, 386 S.W.2d 398, 399[1–3] (Mo.1965) the court stated: "The record here shows the case to have been pending for just two months short of five years which the trial court could properly conclude to be an unreasonable delay absent a valid excuse." See also *City of Jefferson v. Capital City Oil Company*, 286 S.W.2d 65, 68[3] (Mo.App. 1956). In *Shirrell* at p. 449[3] the court noted the plaintiffs in that case did not offer any evidence or explain or justify their delay in prosecuting their suit. The responsibility to prosecute their case with reasonable diligence rested with the Haydens. *State ex rel. State Highway, Etc. v. Milnes*, 573 S.W.2d 727, 728[5, 6] (Mo.App. 1978).

■ There is nothing in the record before this court to explain or justify the failure on the part of the Haydens to take any action to get their case tried from September 25, 1973, until it was dismissed in February, 1979. The only activity from September, 1973, until September, 1978, was the filing of two amended petitions. The filing of the amended petitions does not indicate an active prosecution of this case when there is no reason shown as to why the amendments could not have been made at an earlier time. *Hatcher v. Heatley*, 201 Cal.App.2d 567, 19 Cal.Rptr. 852, 856 (1962). Further, the Haydens took no action to obtain a ruling on the motions to dismiss the third amended petition prior to the filing of the fourth without leave. As stated in *Euge*, in the absence of a valid excuse the trial court was justified in concluding there had been unreasonable delay on the part of the Haydens in prosecuting their claim.

The Haydens further contend the defendants are in no position to seek a dismissal of this case because the order requiring production of documents had not been complied with. The record indicates the court, on March 29, 1973, sustained the Haydens' motion for production of documents. However, on April 17, 1973, the court sustained a motion to quash the order for production. No further order for production was made, and, in fact, it was the Haydens' motion for production which was among the motions pending in September, 1973, when the court passed all motions at the request of the

Haydens. The Haydens took no further action to have the motion for production ruled on. Thereafter no further order for production was made and the defendants were not in default under any existing order.

The Haydens also rely on *State ex rel. State Highway Commission v. Graeler*, 495 S.W.2d 741 (Mo.App.1973) for its statement that the court must consider a motion to dismiss for failure to prosecute as of the time the motion to dismiss is filed and not on occurrences which happened prior thereto. The Haydens contend they were in the process of prosecuting their action at the time the motion to dismiss was filed as demonstrated by the filing of their fourth amended petition in September, 1978. *Graeler* is likewise factually distinguishable from this case because there the court found the landowner had waived any right to have the state's exceptions dismissed for a failure to prosecute because of the activity of the state to obtain a trial and the willingness of the landowner to try the case despite delays in the past. The filing of the amended petition does not demonstrate the Haydens were actively prosecuting their cause. The petition was filed without leave or written consent as required by rule. Further, even the granting of leave to file an amended petition does not deprive a court of its power to dismiss a cause for failure to prosecute. *San Jose Land & Water Co. v. Allen*, 129 Cal. 247, 61 P. 1083, 1085 (1900). Thus the filing of a petition without leave would not deprive a court of the power to exercise its discretion to dismiss a cause. Further, as already pointed out, no reason is given as to why the amendments could not have been made much earlier and the case brought to trial in a timely fashion.

This court concludes that essentially no action was taken by the Haydens to prosecute their claim after September, 1975, and no explanation was given for this delay. This court concludes the trial court did not abuse its discretion in dismissing the cause of action for failure to prosecute. This court cannot say the trial court's ruling was clearly against the logic of the circumstances or so arbitrary and unreasonable as to shock the sense of justice. The judgment is affirmed.

All concur.