STATE of Missouri ex rel., STATE HIGHWAY COMMISSION OF MISSOURI, Respondent,

v.

Aubrey D. MILNES et al., on Exceptions of Donna Sue Milnes et al., Appellants.

No. 40007.

Missouri Court of Appeals, St. Louis District, Division Three.

Oct. 10, 1978.

Motion for Rehearing and/or Transfer Denied Nov. 15, 1978.

Hulen, Hulen & Tatlow, C. M. Hulen, Jr., Moberly, for appellants.

Thomas E. Cheatham, Bruce A. Ring, Jefferson City, for respondent.

CLEMENS, Judge.

Defendant Donna Sue Milnes has appealed the trial court's dismissal of her condemnation exceptions for failure to prosecute. The record:

Plaintiff Highway Commission instituted condemnation proceedings against defendant on April 6, 1967. By her attorneys, C. M. Hulen, Sr. and C. M. Hulen, Jr., defendant filed exceptions the same day and plaintiff did so on May 8.

Eight years later defendant directed interrogatories to plaintiff, who filed partial objections along with a notice to call up the objections for a hearing. No hearing has been held.

One of defendant's attorneys, the late C. M. Hulen, Sr., became ill in February 1975. After repeated hospital confinements and a stroke in September 1975 he died. His son

and partner, C. M. Hulen, Jr., assumed the responsibility of representing defendant.

At the trial judge's request, the circuit court clerk wrote both parties' counsel March 4, 1977 stating the court's intention to dismiss the case July 25, 1977 if no action was taken by then. On July 26, 1977 plaintiff filed a motion to dismiss for failure to prosecute. A hearing was held and the motion was granted December 14, 1977; the court dismissed both parties' exceptions for failure to prosecute. Defendant has appealed. She contends the trial court abused its discretion by granting the motion to dismiss, that the delay was excusable due to the death of her attorney and because opposing counsel agreed to continue the case.

■ Dismissal of an action for want of prosecution is generally discretionary, since "a trial court has the inherent power to dismiss for failure to prosecute with due diligence." *Schreck v. Parker*, 388 S.W.2d 538[1–4] (Mo.App.1965). The dismissal will not be disturbed unless shown to be an abuse of discretion. *City of Jefferson v. Capital City Oil Co.*, 286 S.W.2d 65[2] (Mo. App.1956). In making its decision to dismiss, the trial court may consider not only the length of delay, but attendant circumstances. *Schreck*, supra. A fair test is whether the moving party had reasonable opportunity to bring the action to trial.

Defendant apparently fails to realize the trial court's authority to make discretionary rulings based on all attendant facts and circumstances. After the unexplained eight-year delay, the senior Mr. Hulen died in November 1975. Dismissal was granted in December 1977, over two years later. There was reasonable opportunity for another member of the firm to bring the case to trial.

■ Furthermore, the trial court was not bound by the alleged but disputed agreement between counsel to further continue the case. A party is not justified in *assuming a case will be continued merely* because he so agreed with his opponent. *State Highway Commission v. Herman*, 546 S.W.2d 488[8] (Mo.App.1976). Granting a continuance is discretionary with a trial court, so defendant's contention that the trial court abused its discretion in dismissing the action because of the parties' alleged continuance agreement is unsound.

*Kasper v. Helfrich*, 421 S.W.2d 66[1–3] (Mo.App.1967) sets the standard of review for abuse of discretion, saying: ". . . appellate courts will interfere with the trial court's exercise of discretion only when it has been manifestly abused; that discretion is abused only when the trial court's ruling runs against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to show a lack of careful consideration and shock the sense of justice."

■ This standard of review limiting interference by this court has not been met. The responsibility rests with a moving party to prosecute a case with reasonable diligence; we cannot say defendant did not have a reasonable opportunity to bring her case to trial. *State Highway Commission v. Graeler*, 495 S.W.2d 741[1–4] (Mo.App.1973). Considering the attendant facts and circumstances, the trial court could properly have found defendant failed to do so.

Affirmed.

CRIST, P. J., and GUNN, J., concur.