STATE of Missouri, ex rel. MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION (formerly State Highway Commission of Missouri), Appellant,

v.

A.P. KERSEY, Sr., et al.,

Exceptions of Public Water Supply District No. 1 of Pemiscot County, Missouri, et al., Respondents.

STATE of Missouri, ex rel. MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION (formerly State Highway Commission of Missouri), Appellant,

v.

Harry B. DOWDY, et al.,

Exceptions of Agnes Pierce, et al., Respondents.

Nos. 12810–12833.

Missouri Court of Appeals, Southern District, Division Three.

Dec. 19, 1983.

Motion for Rehearing and/or Transfer Denied Jan. 17, 1984.

Application to Transfer Denied Feb. 15, 1984.

Bruce A. Ring, Jefferson City, John W. Koenig, Jr., Sikeston, for appellant.

James E. Reeves, Ward & Reeves, Caruthersville, for respondents.

CROW, Presiding Judge.

These 24 consolidated appeals arise from two condemnation suits in Pemiscot County. One suit ("the first case")[1] involved the taking of land for interstate highway 55. The other suit ("the second case")[2] involved the taking of land for interstate highway 155.

In the first case, appellant filed its petition November 18, 1969, to condemn 57 separate tracts. The commissioners' report was filed February 13, 1970. Date of taking was March 10, 1970.

In the second case, appellant filed its petition March 15, 1971, to condemn 40 separate tracts. The commissioners' report was evidently filed in early June, 1971. Date of taking was June 23, 1971.

Both suits were filed by appellant's district counsel, George Dawes, who was in charge of the suits until he retired March 1, 1980.

As of May 17, 1982, exceptions to the commissioners' reports remained pending as to three tracts in the first case and 21 tracts in the second case. In each instance, both sides were excepting. On that date (May 17, 1982) the trial court, on motions by the owners of all 24 tracts—and over the objection of appellant—dismissed all parties' exceptions for failure to prosecute. A separate order of dismissal was entered as to each tract.[3] Appellant appeals from each order.

▪ Appellant recognizes the general rule that courts have the inherent power, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence, and that the action thereon will not be disturbed on appeal unless such discretion was abused. *Esslinger v. Roach*, 463 S.W.2d 861, 862 (Mo.1971); *State ex rel. State Highway Commission v. Graeler*, 495 S.W.2d 741, 743[1] (Mo.App.1973); *City of*

*Jefferson v. Capital City Oil Company*, 286 S.W.2d 65, 68[2] (Mo.App.1956).

Appellant says, however (in point 1), that the trial court abused its discretion, in that appellant was "prosecuting the cause with due diligence." Appellant contends there was "a steady flow towards resolving all of the pending exceptions," and that the untried exceptions were not lying dormant, but rather were "waiting their turn."

The record belies this contention. In the first case, exceptions were filed as to 53 of the 57 tracts. Of those 53, exceptions were ultimately resolved as to 50. In all 50 instances, resolution was by settlement; there were no trials. Settlement activity was: 3 tracts in 1970, 9 in 1971, 17 in 1972, 7 in 1973, 10 in 1974, 3 in 1975 and 1 in 1979. Thus, after 1975, only one settlement occurred during the ensuing six years and four months until the orders of dismissal.

The three tracts in the first case where exceptions were dismissed for failure to prosecute were identified as tracts numbered 76, 84–A and 101. With respect to tract 76, Dawes testified he submitted justification for settlement to appellant's chief counsel on December 13, 1973. No settlement could be made without the chief counsel's approval. The chief counsel disapproved the settlement as to tract 76. Dawes recalled he attempted justification on the same tract August 30, 1978, and was again refused.

Regarding tract 84–A, owned by a public water supply district, Dawes explained that the commissioners' award was based on the replacement cost of a water line. Dawes and the water district agreed on the amount, but the chief counsel did not confirm the agreement.

Regarding tract 101, Dawes submitted settlement justification to the chief counsel

---

1. The first case bore number 23,330 in the trial court. Appeals numbered 12810 through 12812 are from the first case.

2. The second case bore number 23,829 in the trial court. Appeals numbered 12813 through 12833 are from the second case.

3. The dismissals of appellant's exceptions, being involuntary, were with prejudice, inasmuch as the orders of dismissal did not specify otherwise. Rule 67.03, Missouri Rules of Civil Procedure (13th ed. 1982).

on August 30, 1978, but received no response.

In the second case, exceptions were filed as to 38 of the 40 tracts. Of those 38, exceptions were ultimately resolved as to 17. In 16 of those instances, resolution was by settlement. There was one trial, which occurred in 1979. Settlement activity was: 1 tract in 1972, 5 in 1973, 1 in 1977, 7 in 1979 and 2 in 1980. We note that during one five-year period, 1974 through 1978, only one tract was resolved in the second case.

Settlement efforts, in varying degree, were made regarding the 21 tracts in the second case where exceptions were not resolved. The evidence showed there were seven tracts[4] as to each of which three separate settlement offers were made, nine tracts[5] where two settlement offers were made, and two tracts[6] where one offer was made. No further settlement efforts took place regarding any of those tracts.

Settlement efforts got further, but fell short, regarding the three other tracts in the second case. An agreement as to one[7] was sent to the chief counsel in 1978, but Dawes received no response. A justification was sent to the chief counsel as to another[8] in 1978, but was not approved. A settlement agreement as to the third[9] was approved by the chief counsel in 1978, but the landowners' attorney balked because of appellant's failure to settle a companion case.

Of the 18 tracts in the second case where negotiations never progressed beyond the rejection of offers, only six were ever set for trial. Of those six, one[10] "was set four times and taken off." Dawes did not recall why in each instance, but believed one cancellation was because he had an operation. The other five[11] were scheduled to be tried early in 1980, but no trials were held. All were continued at the request of the respective landowners, with Dawes agreeing as to one[12] of the five. None were ever rescheduled.

Dawes admitted that none of the unresolved exceptions were ever prepared for trial, that no depositions were taken regarding them, and that neither side submitted any interrogatories pertaining to them.

After Dawes retired on March 1, 1980, no activity occurred until July, 1981, when the cases were assigned to one of appellant's staff attorneys, John W. Koenig, Jr.

On July 29, 1981, Koenig filed a "notice of readiness" regarding tract 76 in the first case. The notice stated Koenig would request a trial setting at the September, 1981, law day. He did, and trial was set for December 18, 1981.

On October 8, 1981, Koenig filed similar notices as to tracts 84–A and 101 in the first case. However, before any trials occurred, the landowners filed their motions to dismiss, resulting in the dismissal of all exceptions.

▉ In our review, we are mindful that the fact that the landowners had themselves filed exceptions to the commissioners' reports did not impair the landowners' right to move for dismissal of appellant's exceptions. *City of Jefferson,* 286 S.W.2d at 69[4]. We further recognize that if there was unreasonable delay in appellant's prosecution of its exceptions, the landowners were not required to show they were injured thereby, or that appellant obtained some advantage therefrom. *Id.* at 68[3].

▉ In deciding whether to order dismissal for failure to prosecute, a trial court may consider not only the length of delay, but attendant circumstances. *Schreck v.*

---

4. Tracts numbered 3, 8 (Merrell, et al.), 19, 25, 26, 35 and 42.

5. Tracts numbered 7, 10, 14, 16, 20, 27, 30, 32 and 34.

6. Tracts numbered 24 and 29.

7. Tract 45.

8. Tract 8 (Gipson, et al.).

9. Tract 33.

10. Tract 25.

11. Tracts 7, 8 (Merrell, et al.), 10, 14 and 16.

12. Tract 8 (Merrell, et al.).

*Parker,* 388 S.W.2d 538, 541 (Mo.App.1965); *State ex rel. State Highway Commission v. Milnes,* 573 S.W.2d 727, 728 (Mo.App.1978). A fair test is whether the excepting party (here, appellant) had a reasonable opportunity to bring its exceptions to trial. *Milnes,* 573 S.W.2d at 728.

When the landowners moved for dismissal, the first case had been pending almost 12 years, and the second case had been pending ten and a half years. Only one set of exceptions had been tried during that time. Moreover, only one tract had been resolved in the first case since 1975, and only one tract had been resolved during a 5-year period, 1974 through 1978, in the second case. No settlements regarding any of the 24 tracts in issue had been submitted for the chief counsel's approval since 1978.

Additionally, among the persons having ownership interests in the tracts in issue, six died while the exceptions were pending. One of the commissioners in the first case also died, as did one of the commissioners in the second case.

Appellant makes no contention that the trial court was unable or unwilling to try the exceptions during the decade that they lay pending. Indeed, Dawes testified he thought that if appellant or a landowner had really wanted to get exceptions to trial on a particular tract, they could have done so.

■ The standard for determining whether a trial court has abused its discretion is set out in *Milnes,* 573 S.W.2d at 728 (citing *Kasper v. Helfrich,* 421 S.W.2d 66, 69 (Mo.App.1967)). Discretion is abused only when the trial court's ruling runs against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to show a lack of careful consideration and shock the sense of justice. If reasonable men can differ about the propriety of the action taken by the trial court, then the trial court did not abuse its discretion. *Kasper,* 421 S.W.2d at 69.

■ On this record, we hold the trial court did not abuse its discretion in dismissing the exceptions. It was appellant's responsibility to prosecute its exceptions with reasonable diligence. *Milnes,* 573 S.W.2d at 728[5]. We cannot say appellant did not have a reasonable opportunity to bring its exceptions to trial. Appellant's first point is denied.

■ Appellant's second point asserts the landowners, by their conduct, waived their right to move for dismissal for failure to prosecute. Appellant correctly states that such right is one which a defendant may waive by conduct inconsistent with his intention to exercise it. *Graeler,* 495 S.W.2d at 743[3]. The law is that if at one time a plaintiff has failed to prosecute its cause with diligence, and subsequently a defendant takes steps indicating a willingness to try the cause, and at that time the plaintiff is prosecuting the claim, the defendant may waive his right to move for dismissal. *Id.* at 743[4]. This is particularly true when the defendant fails to act until the plaintiff prepares and incurs expenses of preparation for trial before making a motion to dismiss. *Id.*

In support of its second point, appellant emphasizes that one law firm represented the owners of all tracts involved in these appeals, and that one of the attorneys in that firm told Dawes he preferred that many of the exceptions not be settled or tried until the interstate 155 project was completed in 1978. According to appellant, the purpose of the delay was that questions of speculative damages, such as soil erosion, could be more easily analyzed.

Dawes testified he agreed to the delay, but conceded that no stipulation to that effect was entered into and filed with the court. Additionally, Dawes recalled that from time to time the landowners' attorney said they would dismiss their exceptions if appellant would do likewise. Moreover, there is no evidence that any owner of any tract involved here ever indicated a willingness to go to trial, or that any owner failed to act until appellant prepared for trial and incurred expenses in connection therewith. Indeed, Dawes admitted none of the exceptions in issue here were ever prepared for trial, and no discovery ever took place.

■ In these circumstances, we hold there was no waiver by any landowner of the right to move for dismissal for failure to prosecute. The point is denied.

The orders dismissing the exceptions of all parties to the commissioners' reports regarding the 24 tracts in issue are affirmed.

GREENE, C.J., and FLANIGAN, MAUS and PREWITT, JJ., concur.