STATE of Missouri ex rel. **MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION**, Successor to State Highway Commission of Missouri, Appellant,

v.

Jay B. **DILLINGHAM**, et al. Exceptions of George A. Colom, et al., Respondent.

No. WD 35034.

Missouri Court of Appeals, Western District.

Dec. 11, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Jan. 29, 1985.

Application to Transfer Denied April 2, 1985.

Bruce A. Ring, Chief Counsel, Earl H. Schrader, Jr., Kansas City, Leland F. Dempsey, Asst. Gen. Counsel, Missouri Highway & Transp. Com'n, for appellant.

Witt, Boggs & Shaw, Don Witt, Platte City, for respondent.

Before DIXON, P.J., and SHANGLER and SOMERVILLE, JJ.

SHANGLER, Judge.

The appeal consolidates two separate exceptions dismissed by the trial court for failure of the condemnor to prosecute with diligence. They involve two tracts among the numerous acquired by the Missouri Highway and Transportation Commission

as rights-of-way to extend Interstate 435 through Platte County and around the circumference of Kansas City. These condemnations were commenced, in series from 1974 through 1975, and were components of the greater project described in *State ex rel. Missouri Highway and Transportation Commission v. McCann*, 685 S.W.2d 880 (WD 35,227, adopted concurrently). The original petitions named twenty-eight defendants, but at the time the judgments of dismissal were entered, only two exceptions still pended: that of landowners Colom and that of the condemnor Highway Commission as to the Newby tract. The exceptions of landowners Colom were filed in November of 1974, and those of the Highway Commission [as to the Newby tract], on July 6, 1976. The two exceptions remained absolutely dormant until the Highway Commission motion on March 8, 1983, to set the cases for trial. Thus, as to the one, eight years and four months elapsed without activity; and as to the other, six years and eight months. The landowners Colom and Newby moved the dismissal of the exceptions for failure of the condemnor to prosecute the actions. The motion was heard on May 19, 1983, and after evidence, the court entered judgments of dismissal.

The evidence to the trial court on the motion to dismiss replicated the proof made to the *McCann* court. The landowners once again presented real estate appraiser Johnson to describe the precipitous drop in the land values around the contiguous Kansas City International Airport since the tracts were condemned some seven to nine years before, and the resultant difficulty after such a lapse to locate comparable tracts to establish the value of those taken. The condemnor once again presented engineer Satterlee to explain the reasons why the original highway plan was no longer valid, and so required redesign and the takings, reappraisal. The witness attributed the necessity, and hence the delay in the prosecution of the exceptions, as in *McCann*, to traffic projections since permanently altered, but did not as in *McCann*, to the neglect of Kansas City to install access roads and other appurtenances as agreed with the Highway Commission. The witness expressly acknowledged [what in *McCann* was only intimated] that the tracts involved—here, the Colom and Newby parcels—were not affected by the redesign.

The Highway Commission on appeal asserts, as in *McCann*, that (1) as the agent of the sovereign, it is immune from termination of its rights due to delay or passage of time, and hence from judgment of dismissal, and (2) that the delay in the prosecution of the exceptions was, in any case, excusable.

The points on appeal, the arguments, and the literal briefs are duplicates of the assertions to us in *McCann* and ruled adversely to the condemnor. As in *McCann*, the record shows a self-motivated course of action by the Highway Commission to accomplish a *de facto* amendment of the condemnation petitions by redesign of the project and reappraisal of the tracts affected, all without notice or other formality of procedure, and then tendered as the excuse for the delay in the prosecutions. As in *McCann*, also, the record shows landowners without part in the delay—either by motions, continuances, stipulations, or any other initiative.

Our opinion in *McCann*, and our reasons, apply with equal validity to adjudicate this appeal against the Highway Commission.

The judgments of dismissal are affirmed.

All concur.