STATE of Missouri, ex rel., MISSOURI HIGHWAY & TRANSPORTATION COMMISSION, Plaintiff-Appellant,

v.

John I. STELZER, et al., Exceptions of: Charles G. Manley, et al., Paragraph 17.0., Defendants-Respondents.

No. WD 35406.

Missouri Court of Appeals, Western District.

Dec. 18, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Jan. 29, 1985.

Application to Transfer Denied April 2, 1985.

Earl H. Schrader, Kansas City, for plaintiff-appellant.

Thomas F. Fisher, Kansas City, for defendants-respondents.

Before TURNAGE, C.J., and MANFORD and KENNEDY, JJ.

MANFORD, Judge.

This is a civil action wherein exceptions were filed to a commissioner's award for damages for condemnation of property necessitated by the construction of a highway. The trial court entered an order dismissing the proceedings. This appeal followed. The judgment is affirmed.

On August 30, 1974, appellant (Missouri Highway and Transportation Commission, hereinafter the Commission) filed a condemnation petition to acquire lands for further development of the I–435 project. The Commission filed exceptions to the award of the commissioners on April 17, 1975. There were a total of 18 separate litigations which remained inactive until 1983, or some eight years when the Commission moved for trial settings. Fifteen of the eighteen cases were consolidated into one proceeding. *State ex rel. Missouri Highway Commission v. McCann*, 685 S.W.2d 880 (Mo.App.1984) and two others were appealed and then consolidated in *State ex rel. Missouri Highway Commission v. Dillingham*, 685 S.W.2d 888 (Mo.App. 1984).

This case is identical to *McCann* on the question of the dismissal of the proceed-

ings except as otherwise noted infra, and a further consideration or account of the particular factual circumstances can, by the reader, be observed in *McCann, supra.*

On this appeal, the Commission asserts in summary that the trial court erred in its dismissal, because (1) as agent for the State of Missouri, the Commission is sovereign and thus immune from termination of its rights by way of dismissal because of delay or passage of time, (2) the delay in prosecution of the exceptions was excusable, and (3) respondent herein waived the right to a dismissal for want of prosecution when a trial date was agreed upon.

Points (1) and (2) are identical to those presented and decided adversely to the Commission in *McCann* and any further discussion of those assertions is not warranted. *McCann* specifically controls and rules those same points within the instant proceedings against the Commission.

Turning to the Commission's point (3), it must be concluded that said point must also be ruled against the Commission.

On June 2, 1983, the Circuit Court of Platte County set a trial date for the instant proceeding for September 26, 1983. On June 27, 1983, respondents filed motions to dismiss the proceedings for failure (by the Commission) to prosecute. The circuit court sustained respondent's motions on September 23, 1983.

The Commission asserts that by agreeing to the September 26, 1983 trial date, respondents waived their right to a dismissal for failing to prosecute. The Commission further asserts that it relied upon the trial date and made preparations for trial. There is no significant evidence upon the record to support the Commission's assertion of trial preparation.

Dismissals of actions are within the sound discretion of the trial court and such a dismissal for failure to prosecute will not be disturbed on appeal absent a clear showing of an abuse of that discretion. *State ex rel. Missouri Highway and Transportation Commission v. Kersey,* 663 S.W.2d 365, 366 (Mo.App.1983). The trial court may consider the length of delay and any other attendant circumstances.

It is clear in the instant case that the circuit court considered not only the unwarranted time delay of almost eight years, but weighed other circumstances as well. In addition was the fact that respondents had agreed to a trial setting. Even with the fact of an agreed-to trial date, it must be said that the circuit court did not abuse its discretion when all of the facts and circumstances herein are considered. The mere agreement to a trial date did not constitute any type of waiver by respondents, nor did that additional fact weigh in the balance to constitute any abuse of discretion by the trial court. *Kersey, supra.*

The judgment is in all respects affirmed.

All concur.