**STATE of Missouri ex rel. MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Appellant,**

v.

**George E. RIFE, et al., Exceptions of George E. Rife, et al., Respondents.**

**No. 36776.**

Missouri Court of Appeals, Western District.

Oct. 8, 1985.

Bruce A. Ring, Chief Counsel, Earl H. Schrader, Jr., Jeffrey S. Eastman, Asst. Counsel, Mo. Highway and Transp. Com'n, Kansas City, Mo., for appellant.

Don Witt, Robert H. Shaw, Witt, Boggs & Shaw, Platte City, Mo., for respondents.

Before MANFORD, P.J., PRITCHARD and LOWENSTEIN, JJ.

PER CURIAM:

This is an appeal by the Missouri Highway and Transportation Commission from an order dismissing and terminating the proceedings for failure to prosecute. The Commission asserts the trial court abused its discretion because at the time motions to dismiss were filed, the Commission was actively prosecuting the case and taking steps toward a resolution on the merits.

The underlying proceedings are in the nature of exceptions to a commissioner's award entered pursuant to condemnation activity necessitated by the Interstate 435 Highway project in Platte County, Missouri. The proceedings terminated were for the final and permanent assessment of just compensation by a jury. The facts and circumstances here are the same as in three other appeals, decided by this court, discussed *infra*, in which the trial court sustained motions to dismiss.

The condemnation petition in the instant appeal was filed on October 20, 1975. On June 30, 1976, the court appointed commissioners filed their report of damages. The condemnation award was paid to the Rifes upon their motion of August 6, 1976.

There was no further activity in the file until May 18, 1983, when the Commission filed a motion for trial setting. At the hearing on the Commission's motion on June 2, the Rifes, appearing pro se, orally moved to dismiss the Commission's exceptions. The court in the midst of hearing motions to dismiss in eighteen companion cases asked the Rifes to discuss the case with the Commission's attorneys and set a trial date of September 23, 1983. The case was later continued at the Rifes' request.

In December of 1984, the Commission again renewed its efforts to secure a trial setting by noticing up its second motion for trial setting. The Rifes retained counsel who filed a dismissal motion alleging a lack of due diligence in the prosecution of the Commission's claim. The hearing on the Commission's second motion for trial setting was continued by agreement due to inclement weather. That motion as well as the Rifes' dismissal motion was scheduled for hearing on February 14, 1985.

On February 14, both parties appeared before the court. The Rifes called Bart Owens, a real estate appraiser, who testified as to the difficulty of appraising the Rifes' former tract of land as of a prior date. He testified that the main difficulty was confirming the sales that took place in 1976. There was also the problem of the many changes since then. It was hard, he said, to visualize what an area was like nine years ago, the roads, topographical changes and utilities. He testified he was not sure how accurate such a valuation would be. He also stated land values had decreased substantially since 1976.

Rifes' counsel argued this case was just like the other seventeen companion cases which the trial court dismissed for failure to prosecute and which were affirmed on appeal. He argued that because of the delay, and under existing case law, this case should be dismissed for want of prosecution.

The Commission argued they had been actively pursuing the case, and therefore the trial court should not dismiss it. The Commission called the court's attention to the two motions they had filed for a trial setting. The first motion resulted in a trial setting which was later continued at the Rifes' request. The second motion for trial setting was continued due to inclement weather. The Commission's counsel also stated that after June 2, when the court had told the Rifes to talk with the Commission's attorneys, ongoing and continuing negotiations were going on to work out a settlement between the parties. The Commission stated the parties had reached an oral settlement, however, the Rifes hired counsel who filed the motion to dismiss before the settlement was finalized. The Rifes' counsel countered saying there was no settlement other than the Commission saying it would pay "this much money" and the Rifes did not accept.

The trial court entered its order dismissing the Commission's exceptions for failure to prosecute, which is now affirmed.

This case is controlled by this court's decisions in the companion cases of *State ex rel. Missouri Highway and Transportation Commission v. McCann*, 685 S.W.2d 880 (Mo.App.1984); *State ex rel. Missouri Highway and Transportation Commission v. Dillingham*, 685 S.W.2d 888 (Mo.App.1984); and *State ex rel. Missouri Highway and Transportation Commission v. Stelzer*, 685 S.W.2d 890 (Mo. App.1984).

These cases, like the one here all arose out of the condemnation activity in 1975 and 1976 to acquire lands in Platte County for the construction of I–435. As in the instant case, the Commission filed exceptions to the award of the commissioners. The cases remained inactive until 1983 when the Commission moved for trial settings. The landowners moved to dismiss for failure to prosecute.

This court stated the rule that the power of a court to dismiss an action for want of diligent prosecution must be exercised with a sound discretion, however the decision to dismiss will not be disturbed unless the discretion was abused. *McCann, supra,* at 885. Discretion is abused when the decision to dismiss is so arbitrary and unreasonable as to demonstrate a lack of careful consideration and shock the sense of justice. *Id.* at 886. To come to a decision to dismiss for want of prosecution, the trial court may consider not only the length of delay, but attendant circumstances. A fair test is whether the parties had reasonable opportunity to bring the exceptions to trial. *Id.*

In *McCann,* this court went on to find that the Commission had failed to prosecute the case with due diligence. *Id.* at 887–88. The Commission had reasonable opportunity to bring the cases to trial, and that a lapse of six to eight years before moving for a trial setting was an unreasonable delay and without valid excuse. *Id.* at 887–88.

The Commission in the instant case offered no excuse that was not before the court in any of the companion cases. Nevertheless, the Commission argues a different result should be reached in this case, because in this case the Rifes sat on their right to dismissal after the Commission began actively prosecuting the case and thereby waived their right to dismissal.

It is true that if at one time a plaintiff has failed to prosecute its cause with diligence and subsequently a defendant takes steps indicating a willingness to try the cause, and at that time the plaintiff is prosecuting the claim, the defendant may waive his right to move for dismissal. *State ex rel. Missouri Highway and Transportation Commission v. Kersey,* 663 S.W.2d 364, 368 (Mo.App.1983). This is particularly true when the defendant fails to act until the plaintiff prepares and incurs expenses of preparation for trial before making a motion to dismiss. *Id.*

Thus, for example, in *Laurie v. Ezard,* 595 S.W.2d 336 (Mo.App.1980), cited by the Commission, the defendant indicated his willingness to go to trial by engaging in extensive discovery with plaintiff. The defendant did not file his motion to dismiss until the plaintiff had incurred substantial expense in connection with trying the case. The appellate court found that defendant had waived his right to dismiss for failure to prosecute.

No such situation exists here. There was no evidence the Rifes' case was ever prepared for trial, that the Commission ever engaged in discovery or incurred expenses in preparing the case for trial.

The Commission points out, however, that they twice moved for trial settings. The first motion resulted in a trial setting which was continued at the Rifes' request. The Commission also alleges the parties engaged in ongoing negotiations during this period and reached an oral settlement. The Commission argues this activity was enough to avert dismissal for failure to prosecute, and that by sitting on their right to dismissal while this activity was going on and by their conduct, the Rifes waived their right to dismiss. The point is denied.

In all the companion cases above cited the Commission had also filed motions for trial setting. The landowners moved for dismissal, and the dismissals were affirmed on appeal. In *Stelzer, supra,* the trial date was even set. The Commission asserted that by agreeing to the trial date, the landowners waived their right to dismissal for failure to prosecute. This court held that mere agreement to a trial date did not constitute any type of waiver by the landowners. *Id.*

The Rife's request for a continuance did not amount to any type of waiver. On May 26, the Commission first moved the court for a trial setting. On June 2, at the hearing on a trial setting, the Rifes appeared pro se and orally moved the court to dismiss the motion. The trial court told the Rifes to talk with the Commission's attorneys and then set a trial date for September 26. The Rifes later asked for a continuance. The court still had not ruled on their motion. The conduct of the Rifes did

not indicate a willingness to try the case. This case is also similar to *Kersey, supra.* In *Kersey,* motions for trial setting were filed by the Commission, the cases were set for trial but were continued at the request of the landowners and not rescheduled. The court found no waiver by the landowners of the right to dismissal. The court stated there was no evidence that any owner of any tract involved ever indicated a willingness to go to trial or that any owner failed to act until the Commission incurred expenses in connection therewith. *Id.* at 368.

Finally, the Commission in the instant case points to alleged negotiation between the parties which culminated in an oral settlement as somehow showing a waiver by the Rifes of their right to dismissal. This court disagrees. *See Kersey, supra,* at 367. In any event, there is *no evidence* in the *record* of this alleged negotiation and oral settlement. Present here is only the Commission's attorney's unsworn statement at the February 14, hearing that the parties negotiated and reached an oral settlement. This was countered by the Rifes' counsel's unsworn statement that all that occurred was that the Commission approached the Rifes with an offer which they rejected. The unsworn statements by counsel are not evidence of the facts asserted. *Plaas v. Lehr,* 538 S.W.2d 919, 922 (Mo.App.1976); *Flanigan v. City of Springfield,* 360 S.W.2d 700, 706 (Mo.1962). Cases cannot be decided on appeal upon a state of facts not shown by the evidence. Even if the statements of counsel had been evidence before the court, the trial court was free to believe Rifes' counsel's statement that no settlement occurred. It is the function of the trial court not the appellate court to judge credibility. *Lytle v. Page,* 591 S.W.2d 421, 423 (Mo.App.1979).

This court finds no abuse of discretion by the trial court. As in the companion cases, it is here held that an approximately seven year delay by the Commission in prosecuting the Rife's case was an unreasonable delay and without valid excuse. *McCann, supra,* at 888. The Rifes expressed early on their desire to dismiss the case; there was no evidence of conduct on their part inconsistent with this right or which indicated willingness to go to trial.

The judgment is affirmed.