**Reversed and Rendered and Majority, Concurring, and Dissenting Opinions filed December 15, 2011.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-10-00344-CV

---

### RED ROOF INNS, INC., Appellant

### V.

### DONNA JOLLY AND JAMES GLICK, Appellees

---

**On Appeal from the 125th District Court
Harris County, Texas
Trial Court Cause No. 2008-47688**

---

## CONCURRING OPINION

The resolution of this case is unusual, as the three justices on the panel have drafted three separate opinions. I agree that the proper disposition of this case is to reverse and render a take-nothing judgment in favor of Appellant Red Roof Inns, but I disagree with the reasoning of section III.A. of the opinion regarding the standard governing implied representations under the DTPA. I thus concur in part III.A. and join part III.B. of the opinion. I join both the opinion and the dissent in concluding that

implied representations based upon conduct are actionable under the DTPA. While I agree with the opinion that appellees failed to present legally sufficient evidence that Red Roof violated the Deceptive Trade Practices Act, I do not believe it is necessary for the court to create a new test, based on contract law, to recognize implied representations under the DTPA, or to invoke the *Timberwalk* factors for a landowner's duty under premises-liability negligence principles to protect another from the foreseeable criminal acts of a third person to reach that result.

1. **It is not necessary to apply contract law involving implied covenants to determine whether a representation should be implied in a DTPA case.**

I join the opinion and dissent in concluding that a representation may be implied under the DTPA based upon conduct. I disagree with the opinion that the court should look to contract law to determine when such a representation should be implied. Implied covenants are a creature of common law that are tied to the contract itself. *Chapman Children's Trust v. Porter & Hedges, L.L.P.*, 32 S.W.3d 429, 437 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (citation omitted) ("[W]e will look beyond the written agreement and imply a covenant only if it is 'necessary in order to effectuate the intention of the parties as disclosed by the contract as a whole.'"). Accordingly, an implied covenant is based on the parties' mutual agreement and not the unilateral conduct of one party. *See id.* Implied covenants are disfavored in Texas law. *Id.*

On the other hand, the DTPA is purely a creature of statute. The legislature has mandated that the DTPA be "liberally construed and applied to promote its underlying purposes, which are to protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty and to provide efficient and economical procedures to secure such protection." Tex. Bus. & Com. Code § 17.44(a); *Clary Corp. v. Smith*, 949 S.W.2d 452, 464 (Tex. App.—Fort Worth 1997, writ denied) (citing *Kennedy v. Sale*, 685 S.W.2d 890, 892 (Tex. 1985)) ("We are to liberally construe the DTPA and give it the most comprehensive application possible without doing damage to its terms."). An implied representation under the DTPA, unlike

an implied covenant, is based on the unilateral conduct of one party and not the parties' mutual agreement.

Thus, the underlying purpose for the law of implied covenants—to effectuate the parties' intentions as disclosed by the contract—is distinctly different from that of the DTPA—to protect consumers from deceptive practices. The construction of the DTPA mandated by the legislature compels the conclusion that implied representations may constitute a violation of the DTPA. However, it is inconsistent with the DTPA's underlying policy to apply the law of implied covenants to determine when a representation may be implied under the DTPA.

2. **Proper standards already have been established to determine when a representation may be implied under the DTPA.**

Several of our sister courts have held that an implied representation may constitute a violation of the DTPA under section 17.46(b)(7).[1] These courts applied the relevant legal or factual sufficiency or summary judgment standard to determine, under those facts, whether a DTPA violation occurred. I would analyze this case in the same manner, applying only the legal sufficiency standard of *City of Keller v. Wilson*, 168 S.W.3d 802 (Tex. 2005), to conclude that, under the facts of this case, the evidence of an implied representation regarding the security of appellees' personal possessions in their motel room is legally insufficient.

Under *Keller*, we consider the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it to determine whether the evidence is legally sufficient. *Id*. at 822. We must credit

---

[1] *See Henderson v. Cent. Power & Light Co.*, 977 S.W.2d 439, 445–46 (Tex. App.—Corpus Christi 1998, pet. denied) (holding defendant's placement of seal and warning label on meter enclosure amounted to implied representation that defendant owned and would maintain in safe condition everything within enclosure); *Apple Imports, Inc. v. Koole*, 945 S.W.2d 895, 898–99 (Tex. App.—Austin 1997, writ denied) (holding that car dealership's taking possession of vehicle to determine "trade-in" value was implied representation that car would not be sold until transaction was complete); *Rickey v. Houston Health Club, Inc.*, 863 S.W.2d 148, 151–52 (Tex. App.—Texarkana 1993) (holding that defendant health club implied astroturf jogging track was safe for jogging), *writ denied, improvidently granted*, 888 S.W.2d 812 (Tex. 1994) (per curiam); *Lone Star Ford, Inc. v. McGlashan*, 681 S.W.2d 720, 724 (Tex. App.—Houston [1st Dist.] 1984, no writ) (holding when vehicle dealer represents he can sell used cars, he also represents he can transfer legal title to new owner); *Chambless v. Barry Robinson Farm Supply, Inc.*, 667 S.W.2d 598, 602 (Tex. App.—Dallas 1984, *writ ref'd n.r.e.*) (holding tractor dealer impliedly represented that clevis would be included in sale of tractor by displaying tractor with clevis on it).

favorable evidence if a reasonable fact-finder could and disregard contrary evidence unless a reasonable fact-finder could not. *See id.* at 827. Our task is to determine whether the evidence at trial would enable reasonable and fair-minded people to find the facts at issue. *See id.* The fact-finder is the only judge of witness credibility and the weight to give testimony. *See id.* at 819.

Appellees contend that there is legally sufficient evidence to support the jury's finding that Red Roof represented the motel was secure[2] based on (1) Glick's inquiry at the front desk into whether safes were available to guests, to which the clerk replied they were not; (2) the security guard's presence in the lobby when appellees checked in around 3 a.m. on Saturday morning; and (3) the clerk's provision of a card key to appellees. The record shows the security guard was on duty only on Tuesdays through Saturdays from 11 p.m. to 5 a.m. and the lock on the outside door to the motel did not work, so that it could be opened without a card key. Glick testified that he saw the security guard only when appellees checked in early Saturday morning and not again during his hotel stay, but the burglary did not occur until Sunday afternoon.

I agree the clerk's statement that safes were not available to guests is no evidence of a representation regarding the security of valuables left in appellees' room—in fact, it would support the opposite inference. Further, that Glick saw the security guard monitor *the lobby* of the motel once in the early morning hours when he checked in does not imply that jewelry left *in appellees' hotel room* would be secure from burglary during the daytime approximately 36 hours later. Similarly, the provision of a card key to appellees' room does not imply that valuables inside appellees' room were secure or amount to a representation that outside doors were accessible only by card key or that no one else, such as cleaning staff or a skilled burglar, could enter appellees' room. Accordingly, I would hold that the jury could not reasonably infer from Glick's one-time observation of

---

[2] Appellees argue that evidence was presented at trial that Red Roof represented the motel was "safe, secure, and monitored," but Glick testified that the security guard's presence and the provision of a card key only reassured him that the motel room would be "secure," not that it was "safe" or "monitored."

4

a security guard around 3 a.m. in the lobby[3] or from the provision of a card key that Red Roof represented to appellees that jewelry left on a nightstand would be secure from a daytime burglary. *See id.* at 822.

### 3. Whether a landowner has a legal duty to protect an invitee from the criminal acts of a third person is not relevant to the analysis of this case.

I disagree that this case should be analyzed by applying negligence principles related to a landowner's duty to protect invitees from criminal acts of third parties. The opinion cites *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749 (Tex. 1998), for the proposition that the possibility of holding a landowner liable "who neither knew nor should have known of an unreasonable and foreseeable risk of criminal conduct on the premises" would be "an unwarranted expansion" of potential landlord liability. This case differs from the *Timberwalk* case because only the DTPA claim remains at issue, whereas *Timberwalk* dealt with a premises-liability negligence claim against the landowner. *Id.* at 753. The relevant question in *Timberwalk* was whether criminal activity on the premises was reasonably foreseeable to the landlord. *Id.* at 756. Here, the question is whether the motel represented to appellees that their valuables left in the motel room would be secure when they were not. The latter question does not hinge on the issue of foreseeability, and liability under the DTPA does not include a foreseeability component. *See Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 481 (Tex. 1995).

Likewise, the cited *Lively v. Adventist Health Sys./Sunbelt, Inc.*, No. 2-02-418-CV, 2004 WL 1699913 (Tex. App.—Fort Worth, no pet.) (mem. op.) is inapposite. The appellants in *Lively* sought creation of an implied warranty to keep premises safe for public use. *Id.* at *5. The court declined to create such a cause of action, "given the

---

[3] It would be equally consistent to infer from the evidence that the security guard was only present that night to monitor the security of the lobby, and thus the jury could not reasonably infer either fact. *See Keller*, 168 S.W.3d at 813–4 ("When the circumstances are equally consistent with either of two facts, neither fact may be inferred."). Although I agree with the dissent that the equal inference rule does not apply to direct evidence, the presence of the security guard that night is not direct evidence of an implied representation regarding the security of the entire premises then or at other times.

5

availability of an adequate remedy to an invitee . . . through the existing cause of action in Texas for premises liability based on negligence." *Id.*

Appellees here did not seek the creation of a new cause of action; they sought to recover for their DTPA claim, which, as set forth above, is unique from a premises-liability negligence claim. Accordingly, while I agree that there is no legally sufficient evidence of an implied representation under the facts of this case, I disagree that finding an implied representation here would improperly expand the principles announced in the *Timberwalk* line of cases.

### *Conclusion*

With these comments, I concur in part III.A. and join in part III.B. of the opinion reversing and rendering a take-nothing judgment in favor of Red Roof. I join both the opinion and dissent in concluding that a misrepresentation may be implied under the DTPA based on conduct.

/s/      Martha Hill Jamison
       Justice

Panel consists of Justices Frost, Jamison, and McCally. (Frost, J. majority; McCally, J., dissenting).

6