# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-2584

———————

David Edward Boyle,     *
              *
     Appellant,   *
              * Appeal from the United States
  v.         * District Court for the
              * Western District of Missouri.
American Auto Service, Inc.,  *
              *
     Appellee.   *

———————

Submitted: February 13, 2009
Filed: July 2, 2009

———————

Before RILEY, SMITH, and SHEPHERD, Circuit Judges.

———————

SMITH, Circuit Judge.

David Boyle appeals from the district court's[1] order dismissing with prejudice for failure to prosecute his complaint against American Auto Service, Inc. ("American Auto"). On appeal, Boyle raises three points for reversal. First, he asserts that the district court erred in applying Federal Rule of Civil Procedure 41(b) to dismiss his case with prejudice for failure to prosecute because Rule 41(b) only applies to conduct occurring after removal. Second, he argues that the district court erroneously concluded that his lawsuit was subject to dismissal for failure to prosecute pursuant

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

to Missouri Supreme Court Rule 67.03[2] because state law did not require him to exercise due diligence in obtaining service on American Auto. Finally, he asserts that the district court abused its discretion in dismissing his case with prejudice for failure to prosecute pursuant to Rule 41(b) because he did not willfully disobey a court order and did not persistently fail to prosecute his case. We affirm.

## I. *Background*

American Auto hired Boyle in 2001 as a helper/shuttle driver. On January 17, 2003, American Auto terminated Boyle's employment allegedly because of its loss of a contract and a subsequent shortage of work. Following his termination, Boyle timely filed a charge of age discrimination with the Missouri Commission on Human Rights (MCHR) and the Equal Employment Opportunity Commission (EEOC). On January 12, 2004, Boyle received a right-to-sue letter from the MCHR. The letter advised Boyle that he must file a lawsuit within 90 days from his receipt of the letter. Boyle timely filed his lawsuit in the Circuit Court of Clay County, Missouri, on April 9, 2004, and, on April 14, 2004, a summons was issued and delivered to Boyle's counsel. Boyle's counsel never served this summons on American Auto.

On January 16, 2008, a second summons was issued to Boyle's counsel. This new summons was served on American Auto on January 24, 2008. Thus, more than three and a half years (44 months) elapsed from the time that Boyle filed the suit to the time that he served American Auto. No other summons was requested or issued between the time that the first unserved summons and the second summons were issued.

Following service of summons, American Auto timely removed the suit to federal court based on diversity jurisdiction and answered Boyle's complaint. The next

---

[2]Both the district court and the parties refer to "Missouri Supreme Court Rule 67.03" as "Missouri Rule of Civil Procedure 67.03."

day, the district court entered an order requiring Boyle and American Auto to file a proposed scheduling order and to conduct a Federal Rule of Civil Procedure 26(f) conference. The district court ordered the parties to meet on or before April 1, 2008, and to file a proposed scheduling order on or before April 11, 2008. Boyle and American Auto met and thereafter filed a "Joint Report on Discovery and Conference and Proposed Scheduling Order" on March 26, 2008. The district court then entered a "Scheduling and Trial Order" that same day. In the order, the district court set deadlines to amend the pleadings to join additional parties; ordered that all pretrial discovery must be completed on or before October 24, 2008; and set the matter for a jury trial on April 6, 2009.

On April 4, 2008, American Auto filed a motion to dismiss for lack of prosecution, contending that Boyle's suit should be involuntarily dismissed pursuant to Federal Rule of Civil Procedure 41(b) or Missouri Supreme Court Rule 67.03 because of Boyle's 44-month delay in serving American Auto. American Auto made two arguments in support of its motion. First, it argued that Boyle's failure to serve process within 90 days of filing required dismissal of the action. According to American Auto, Missouri law mandates that process must be served upon a party within 30 days after a summons is issued. *See* Mo. Sup. Ct. R. 54.01; 54.21. Boyle neither served the summons nor returned it to the state court with an explanation of the reason for failing to serve the summons within 30 days. Instead, 44 months later, he requested *another* summons and served it upon American Auto. American Auto maintained that Missouri courts typically dismiss a case from the state trial court's docket when the plaintiff does not effect service within 90 days of filing. American Auto thus argued that Boyle's failure to comply with the service requirement warranted dismissal for want of prosecution, absent justifiable cause that outweighed the prejudices that such delay caused American Auto.

Second, American Auto asserted that Boyle's lack of prosecution caused it prejudice because it could have reasonably believed that no lawsuit was forthcoming

after the 90-day period ran in which Boyle had to serve the summons. American Auto alleged that, during the three-and-a-half-year delay, some of its witnesses, including Boyle's coworkers and managers, left its employment; records may not have been preserved in the regular course of business; and memories of relevant facts have likely faded.

In response, Boyle argued that he "timely filed his petition in Missouri circuit court prior to the removal" and that "[u]nder Missouri law, all that is required to timely 'commence' a lawsuit is filing of the petition with the circuit court." Boyle asserted that "Missouri abrogated the inconsistently applied requirement that also required that a plaintiff exercise due diligence in the service of process to properly commence a lawsuit where the statute of limitation has expired." According to Boyle, American Auto ignored the fact that the case was "properly commenced in the state court and that plaintiff fully complied with applicable Missouri law on commencement of this lawsuit." Boyle also averred that he had "fully complied with all of [the federal district court's] orders and federal procedure since this case was removed and has been properly prosecuting this action." In addition, Boyle argued that American Auto waived any claim of insufficiency of service of process by failing to plead this defense in either a pre-answer motion or in its answer.

The district court granted American Auto's motion to dismiss, finding as follows:

> In this case, Plaintiff waited over three and one-half years from the time he filed his suit to serve Defendant. Though he argues he complied with all applicable rules, Plaintiff offers no reason for his delay. As Defendant states, Plaintiff knew his former employer's location and was aware Defendant needed to be served. Defendant avers it had a registered agent for service and Plaintiff presents no evidence to show Defendant was attempting to avoid service. Further, Defendant correctly asserts such a long delay has great potential for prejudice to its defense as witnesses, documents, and other evidence may no longer be readily available.

-4-

In the Court's opinion, the wording of the cited rules alone is sufficient to warrant dismissal here as Plaintiff apparently took no initiative to prosecute his claim and offers no excuse for his lengthy delay. Nevertheless, *State ex rel. Hayden v. Carr*, 597 S.W.2d 710, 713–14 (Mo. Ct. App. 1980) and *State ex rel. State Highway Comm'n of Missouri v. Miles*, 573 S.W.2d 727 (Mo. Ct. App. 1978), among other cases, provide analogous support for the Court's decision. Defendant's Motion to Dismiss is therefore GRANTED with prejudice. Defendant's request for fees and costs is DENIED.

In a footnote, the district court observed that "[m]ore than enough grounds for dismissal are apparent in this case under either Rule 41(b) or Mo. R. Civ. P. 67.03."

## II. *Discussion*

Boyle makes three arguments in support of reversal of the district court's grant of American Auto's motion to dismiss for failure to prosecute. First, Boyle alleges that the district court erred as a matter of law in dismissing his case with prejudice because the district court erroneously applied Federal Rule of Civil Procedure 41(b) retroactively to actions that occurred *prior* to removal to federal court. In addition, he asserts that American Auto failed to timely file its motion to dismiss under Federal Rule of Civil Procedure 81(c).

Second, Boyle asserts that the district court erred as a matter of law in concluding that he failed to comply with Missouri law prior to removal and that his case was subject to dismissal for lack of prosecution under Missouri Supreme Court Rule 67.03. Boyle maintains that Missouri law abolished the requirement that a plaintiff exercise due diligence in obtaining service of process. Further, he avers that the district court ignored Missouri case law stating that failure to exercise due diligence in the service of process is not a basis to dismiss a case for lack of prosecution under Rule 67.03. Additionally, he argues that the district court's application of Rule 67.03 denied him the right to ten days' notice prior to dismissal, as mandated by Clay County Circuit Court Rule 37.01.

Finally, Boyle argues that the district court abused its discretion in dismissing his case under Rule 41(b) because he did not willfully violate any order of the district court or any other court, as he complied with Missouri law in filing his case and obtaining service of process. Therefore, he maintains that any delay in service of process in this case did not warrant the extreme sanction of dismissal with prejudice.

The merit of Boyle's arguments depends, in large part, on whether Federal Rule of Civil Procedure 41(b), rather than Missouri Supreme Court Rule 67.03, governs dismissal of this diversity suit for failure to prosecute. Rule 41(b) provides:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Rule 67.03 of the Missouri Supreme Court Rules provides:

> A defendant may move for an involuntary dismissal of the civil action for lack of jurisdiction, for prematurity of action, for failure to substitute a party for a decedent and for such other dismissals as are allowed by these Rules 41 through 101. Defendant may also move for an involuntary dismissal of the civil action for failure of the plaintiff to prosecute or to comply with these Rules 41 through 101 or any order of the court. Any involuntary dismissal shall be without prejudice unless the court in its order for dismissal shall otherwise specify.

Our circuit has no controlling precedent precisely addressing whether state or federal law applies when the delay in question occurs in state court before removal to federal court. But the Ninth Circuit has addressed this very issue. *See Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275 (9th Cir. 1980); *Olympic*

*Sports Prod., Inc. v. Universal Athletic Sales Co.*, 760 F.2d 910 (9th Cir. 1985); *Harvey's Wagon Wheel, Inc. v. Van Blitter*, 959 F.2d 153 (9th Cir. 1992).

In *Nealey*, the plaintiff filed his complaint on May 29, 1975, in state court within the state's statute-of-limitations period. 662 F.2d at 1277–78. But the defendants were not served with the complaint and summons until April 1977—almost two years after commencement of the action. *Id.* at 1278. The defendants answered the complaint on April 27, 1977, and filed a notice of removal to federal district court based on diversity jurisdiction on May 5, 1977. *Id.* "The parties then promptly commenced discovery proceedings, with both sides propounding and answering interrogatories and document production demands. [The defendants] also noticed various depositions." *Id.* On July 18, 1977, the defendants filed a motion to dismiss the action for failure to prosecute, which the district court granted, dismissing the action with prejudice. *Id.*

On appeal, the court acknowledged that, "[w]ithout question, a plaintiff's failure to serve process in a timely manner may in some cases amount to a failure to prosecute, and a district court may dismiss an action on this ground" under Rule 41(b). *Id.* (internal citation omitted). In a corresponding footnote, the court noted that the plaintiff's brief "repeatedly insisted on the nonapplicability of rule 41(b) to removed actions and stressed that his conduct ought to be tested under state law." *Id.* at 1278 n.5. But at oral argument the plaintiff conceded the applicability of federal law, although he relied on state cases while doing so. *Id.* The court then gave its answer to the question of which procedural rule applied—state or federal—stating:

> We believe that under the doctrine of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938), and its progeny, rule 41(b) is applicable to a removed action and may form the basis for dismissal of such an action. *See Grivas v. Parmalee Transportation Co.*, 207 F.2d 334, 337 (7th Cir. 1953), *cert. denied*, 347 U.S. 913, 74 S. Ct. 477, 98 L. Ed. 1069 (1954). However, in deciding whether a delay on the plaintiff's

part prior to removal constitutes a failure to prosecute as a matter of federal law, *see*, pp. 1281–1282 *infra*, the district court should consider whether the plaintiff was within his rights under the relevant state law.

*Id*. at 1278–79 n.5.

The court then observed that a district court, in exercising its discretion, must weigh "conflicting policies" in determining whether to grant a motion to dismiss for failure to prosecute: "on the one hand, the court's need to manage its docket, the public interest in expeditious resolution of litigation, and the risk of prejudice to defendants from delay; on the other hand, the policy favoring disposition of cases on their merits." *Id*. at 1279 (internal quotations and citation omitted). According to the court, "[t]he first two of these four policy considerations suggest that rule 41(b) is in large part a housekeeping measure related to the efficient administration of judicial business for the benefit of all litigants with cases pending." *Id*. But the court noted that the federal and state judicial systems are not "identic" in this respect, as "inaction that crowds a state court docket does not, upon removal, necessarily translate to delay in the federal judicial system." *Id*. Thus, the defendants could not invoke Rule 41(b) "to assist the state judiciary in managing its business; if that was [the defendants'] goal, they should have sought dismissal in the [state court]." *Id*. With regard to the case at issue, the court noted that "even before removal was accomplished," "all parties began diligently to press this matter toward resolution." *Id*. "And after removal there was no inactivity, no failure to prosecute, that interfered with the federal goal of 'secur[ing] the just, speedy, and inexpensive determination of every action.'" *Id*. (quoting Fed. R. Civ. P. 1). As a result, the court concluded that "administrative concerns should not have figured in the district court's calculus when it exercised its discretion in this case." *Id*.

The court then addressed the "two remaining policy considerations" supporting Rule 41(b): the risk of prejudice to the defendants caused by the delay versus the

policy favoring disposition of cases on their merits. *Id.* According to the court, the primary factors to focus on are "prejudice and delay." *Id.* The court recognized that a failure to diligently prosecute an action "is sufficient by itself to justify a dismissal" and that an unreasonable delay in prosecuting an action "creates a presumption of injury to appellees' defenses." *Id.* at 1280 (internal quotations and citations omitted). Furthermore, a determination as to whether actual prejudice is present "may be an important factor in deciding whether a given delay is 'unreasonable.'" *Id.* (internal quotations and citation omitted). But the court also recognized a "competing concern": "the interest in disposing of cases on their merits." *Id.* Thus, the relevant question is "whether there has been sufficient delay or prejudice to justify a dismissal of the plaintiff's case." *Id.* According to the court, "[t]he longer the delay, the more likely prejudice becomes." *Id.* (internal quotations and citation omitted).

The court also found that because a motion to dismiss under Rule 41(b) is similar to an affirmative defense under Federal Rule of Civil Procedure 8(c), "it should be incumbent upon the movant to come forth with some facts indicating delay on the part of the plaintiff." *Id.* The court acknowledged that this burden "will rarely be difficult" because such facts will likely "appear on the face of the motion papers." *Id.* "But only unreasonable delay will support a dismissal for lack of prosecution, and unreasonableness is not inherent in every lapse of time." *Id.* (internal citation omitted). According to the court, the plaintiff "may have an explanation that excuses or justifies his failure." *Id.* "It is at this point that the extent of prejudice to the defendant, if any, becomes important." *Id.* Therefore, "delay alone should not be deemed to create a 'presumption of prejudice,' save in the sense that if the plaintiff proffers no pleading or presents no proof on the issue of reasonableness, the defendant wins." *Id.* (internal quotations, alteration, and citation omitted). The court placed the ultimate burden of persuasion on the plaintiff "as to the excuse for his own delay and as to lack of prejudice to the defendant." *Id.* (internal quotations and citation omitted). According to the court, prejudice takes two forms: "loss of evidence and loss of memory by a witness." *Id.* at 1281. "[A] district court in the exercise of its discretion should

consider whether such losses have occurred and if so, whether they are significant."
*Id*. The court then summarized the burden of proof as follows:

> [W]here a plaintiff has come forth with an excuse for his delay that is anything but frivolous, the burden of production shifts to the defendant to show at least some actual prejudice. If he does so, the plaintiff must then persuade the court that such claims of prejudice are either illusory or relatively insignificant when compared to the force of his excuse. At that point, the court must exercise its discretion by weighing the relevant factors—time, excuse, and prejudice.

*Id*.

Applying these principles to the case before it, the court found itself "hampered" by the district court's failure to make findings of fact, as the record provided no support for concluding that the plaintiff's delay was unreasonable. *Id*. And, although the defendants argued that the plaintiff failed to serve them "promptly upon the filing of the complaint," the court rejected this argument, stating:

> Nevertheless, during the hiatus between commencement and service when this action was pending in the Superior Court, the applicable rules for service of process were those found in the California Civil Procedure Code. Cal. Civ. Proc. Code § 581a(a) provides for up to "three years *after the commencement* of [an] action" within which to serve process. (Emphasis added). Hence, at the time of service appellant fell well within the bounds of the applicable law.
>
> Appellees' removal of the action to a federal court does not alter that fact. The Federal Rules "apply to civil actions removed to the United States district courts from the state courts *and govern procedure after removal*." Fed. R. Civ. P. 81(c) (emphasis added). If process was properly issued and timely served under state law prior to removal, such service remains sufficient afterwards, as common sense dictates, 28 U.S.C. § 1448 assumes, and *Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967),

implies. There is no justification for holding appellant's delay to have been unreasonable, since service was accomplished within the period allowed by California law.

*Id*. at 1281–82. And, although the court found that this fact alone should have been sufficient to defeat the motion to dismiss, it also pointed out that the plaintiff "nonetheless came forward in the district court and offered an explanation for failing to serve [the defendants] promptly." *Id*. at 1283. "This excuse, weak though it may have been, was sufficient to trigger [the defendants'] obligation to come forth with some evidence of actual prejudice." *Id*. But the court noted that the defendants "never suggested that actual prejudice had occurred; they relied solely on [the plaintiff's] alleged failure to exercise due diligence and on the presumption of prejudice they claimed to result therefrom." *Id* As a result, the court found that

> [w]here a delay has not been unreasonable, where the defendant has suffered no actual prejudice, or where the plaintiff has cured his lapse in state court and been diligent in prosecuting his action following removal, the policy in favor of deciding cases on their merits should prevail over those which would favor dismissal.

*Id*. at 1284. Accordingly, the court held that the district court abused its discretion in dismissing the case. *Id*.

In *Olympic,* the Ninth Circuit reaffirmed its analysis in *Nealey* that Rule 41(b), instead of a state rule of procedure, "govern[ed] dismissal of diversity suits for lack

of prosecution." 760 F.2d at 912.[3] According to the court, the proper analysis for determining whether a state rule or federal rule applies is as follows:

> First, we must determine if the federal rule and state rule are actually coextensive. If the federal rule does not address the situation, there would be no conflict between state and federal rules. We would then apply the *Erie* analysis to determine if the federal court should enforce the state rule. If the federal rule does address the situation, there would be an unavoidable conflict between the state and federal rules. We would then apply the *Hanna* [*v. Plumer*, 380 U.S. 460 (1965)] analysis: if the federal rule is within the scope of constitutional power and the Rules Enabling Act, it applies unless the *Erie* considerations are so strong that they can justify interrupting the normal function of the federal court processes.

*Id.* at 914–15; *see also Van Blitter*, 959 F.2d at 155–58 (holding that Rule 41(b) was sufficiently coextensive with Nevada rule mandating prejudicial or nonprejudicial dismissal for failure to prosecute after five years and was applicable; federal rule raised no forum shopping concerns because no rational plaintiff would file in federal court based on expectation that dismissal would be discretionary, rather than

---

[3]In *Olympic*, the plaintiff filed a diversity action in federal court against the defendants on March 1, 1978, and the defendants filed a counterclaim. *Id.* As of March 1, 1983, the complaint had been pending for five years. *Id.* The plaintiff moved for a pretrial conference on May 5, 1983, but one of the defendants filed a motion in opposition, as well as a motion to dismiss under California Code of Civil Procedure § 583(b) and Rule 41(b). *Id.* The district court granted the motion to dismiss for failure to prosecute. *Id.* On appeal, the plaintiff argued that Rule 41(b), instead of the California procedural rule, applied to the case and that the district court erred by applying the state rule. *Id.* Because the district court dismissed the plaintiff's complaint under the California procedural rule when Rule 41(b) should have been applied, the court reversed the district court and remanded for further consideration. *Id.* at 916.

mandatory, after five years; under both rules courts possess some discretion to account for reasonable diligence; and Nevada's rule was not integral to statute of limitations).

We are persuaded by the Ninth Circuit's rationale, as expressed in *Nealey* and *Olympic*, as it is well-reasoned and in line with our prior precedent. *See Winkels v. George Hormel & Co.*, 874 F.2d 567, 568 (8th Cir. 1989) ("[W]e will follow the general rule that state procedural rules govern cases originating in state court *until removed to federal court*.") (emphasis added).

Therefore, we must first engage in an *Erie/Hanna* analysis to determine whether Federal Rule of Civil Procedure 41(b) or Missouri Supreme Court Rule 67.03 applies to the instant case. After deciding which rule applies, we will then apply the *Nealey* analysis to determine whether the district court, in exercising its discretion, properly weighed "the court's need to manage its docket, the public interest in expeditious resolution of litigation, and the risk of prejudice to defendants from delay" against "the policy favoring disposition of cases on their merits." *Nealey*, 662 F.2d at 1279 (internal quotations and citation omitted).

To determine which procedural rule applies, "we must [first]determine if [Rule 41(b)] and [Rule 67.03] are actually coextensive." *Olympic*, 760 F.2d at 914. The "'federal law and state law [need not] be perfectly coextensive and equally applicable to the issue at hand; rather . . . the federal statute [must] be sufficiently broad to cover the point in dispute.'" *Van Blitter*, 959 F.2d at 156 (quoting *Hanna*, 380 U.S. at 472). Here, both Rule 41(b) and Rule 67.03 are discretionary dismissal statutes permitting a defendant to move for dismissal for a plaintiff's failure to prosecute an action. And, because Rule 41(b) is "sufficiently broad to cover the point in dispute," it matters not that Rule 41(b) operates as an adjudication on the merits, while Rule 67.03 dismisses the action "without prejudice unless the court in its order of dismissal shall otherwise specify."

-13-

Having determined that Rule 41(b) does address the present situation, we must now apply the *Hanna* analysis. We will assume that Rule 41(b) is "within the limits of Congress' constitutional power and the Rules Enabling Act" because neither party has "attempted to argue that the rule is invalid for either reason." *Olympic*, 760 F.2d at 916. "We therefore proceed to consider whether, despite the federal rule's validity and applicability, *Erie* considerations require us to enforce the state rule in its place." *Id.* We conclude, as did the court in *Olympic*, that "[f]orum-shopping concerns" are "inapplicable here," as it is difficult to imagine "that a plaintiff, before filing a lawsuit, might choose a federal forum rather than a state forum in the expectation that rule 41(b) would lead to a different outcome." *Id.*

Having concluded that Rule 41(b) is the applicable rule, and because the district court justified dismissal of the action based on both Rule 41(b) and Rule 67.03, we next consider whether the district court abused its discretion in dismissing with prejudice Boyle's case for failure to prosecute. *See Smith v. Gold Dust Casino*, 526 F.3d 402, 404 (8th Cir. 2008) ("This court reviews the district court's decision to dismiss an action pursuant to Rule 41(b) for abuse of discretion."). In undertaking this review, we look to the policy considerations enunciated in *Nealey*.

First, with regard to "the court's need to manage its docket" and "the public interest in expeditious resolution of litigation," *Nealey*, 662 F.2d at 1279, we note that, unlike in *Nealey* where "even before removal was accomplished" both the plaintiff and the defendant "began diligently to press this matter toward resolution," *id.*, no activity occurred in the present case prior to removal, as Boyle waited 44 months before even serving American Auto.[4]

---

[4]We do acknowledge that, post-removal, there was activity on Boyle's part, and the parties agreed to a scheduling order before the district court.

-14-

Furthermore, in considering whether Boyle was within his rights under Missouri law, unlike in *Nealey* where the court found the plaintiff complied with state law in serving the defendants, as the state law provided the plaintiff with up to three years after the commencement of the action to serve process, in the present case, Boyle *did not* comply with Missouri law. Missouri law required Boyle to serve process upon American Auto "within 30 days after a summons is issued." Mo. Sup. Ct. R. 54.21 ("The officer or other person receiving a summons or other process shall serve the same and make return of service promptly. If the process cannot be served it *shall be returned to the court within thirty days* after the date of issue with a statement of the reason for the failure to serve the same . . . .) (emphasis added). Not only did Boyle not serve the first summons within the 30-day period or return it to the court with a statement of reasons for failing to serve American Auto, he never asked for a 90-day extension to effect service. *See id.* ("[T]ime for service thereof may be extended up to ninety days from the date of issue by order of the court."). Instead, Boyle procured a second summons.

Second, we must consider the "conflicting policies" of the risk of prejudice to the defendants caused by the delay versus the policy favoring disposition of cases on their merits. *Nealey*, 662 F.2d at 1279. American Auto set forth facts indicating a delay on the part of Boyle: the fact that Boyle waited 44 months before serving American Auto with the summons. At this point, Boyle should have offered a justification for the delay. Boyle failed to offer an explanation to the district court as to why he waited 44 months before serving American Auto. Instead, he simply maintained that he properly commenced the action in state court and had fully complied with all of the district court's orders and federal procedural rules since the case was removed. But this answer does not explain what *caused* the 44-month delay.

Because Boyle has failed to come forth with an excuse for the delay, we need not address whether American Auto suffered actual prejudice. *Id*. at 1281 ("[W]here a plaintiff has come forth with an excuse for his delay that is anything but frivolous,

the burden of production shifts to the defendant to show at least some actual prejudice.").

As a result, we cannot say that the district court abused its discretion in dismissing with prejudice Boyle's case, as Rule 41(b) provides that, upon a finding that a plaintiff failed to prosecute an action, the district court's dismissal (unless the dismissal order states otherwise) operates as an adjudication on the merits.[5]

III. *Conclusion.*

---

[5]Boyle argues that because American Auto did not file its motion to dismiss for failure to prosecute under Rule 41(b) until April 4, 2008, its motion was more than five days beyond the mandatory deadline set forth in Federal Rule of Civil Procedure 81(c)(2) and should have been denied on this basis. Rule 81(c)(2) provides that a defendant who did not answer a petition prior to removal

> must answer *or* present other defenses or objections under these rules within the longest of these period:
>
> (A) 20 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief;
>
> (B) 20 days after being served with the summons for an initial pleading on file at the time of service; or
>
> (C) 5 days after the notice of removal is filed.

Fed. R. Civ. P. 81(c)(2)(A)–(C) (emphasis added). As American Auto points out, it complied with Rule 81(c)(2) because it chose to *answer* the complaint within the requisite time period. Furthermore, while a motion to dismiss for failure to prosecute is similar to an affirmative defense under Federal Rule of Civil Procedure 8(c), *Nealey*, 662 F.2d at 1280, it is *not* an affirmative defense that a party, "[i]n responding to a pleading," "must affirmatively state." Fed. R. Civ. P. 8(c). Nor is there any evidence in the record that American Auto failed to comply with an order of the court setting a time period within which it had to file such a motion.

Accordingly, we affirm the judgment of the district court.

_____