# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3848

_____

Leigh-Davis Glass,                          *
                                            *
              Appellant,                     *
                                            *    Appeal from the United States
       v.                                    *    District Court for the
                                            *    Eastern District of Missouri.
Scottrade, Inc., a SIPC Insured              *
Brokerage Firm, also known as                *         [UNPUBLISHED]
Scottrade Brokerage,                         *
                                            *
              Appellee.                      *

_____

Submitted: November 6, 2009
Filed: December 10, 2009

_____

Before BYE, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

California prisoner Leigh-Davis Glass appeals the District Court's order denying her motion under Rule 60(b) of the Federal Rules of Civil Procedure seeking to reopen her case, which the court dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure because a partial filing fee was not paid within thirty days as ordered. Following careful review, we conclude that the District Court abused its discretion in declining to reopen the case because Glass explained that she acted promptly to attempt to comply with the Court's order and that the $3.47 payment was late for reasons beyond her control. See In re Guidant Corp. Implantable

Defibrillators Prod. Liab. Litig., 496 F.3d 863, 866–68 (8th Cir. 2007) (standard of review; factors which must be taken into account include (1) danger of prejudice to non-moving party; (2) length of delay and its potential impact on judicial proceedings; (3) whether movant acted in good faith; and (4) reason for delay, including whether it was within movant's reasonable control). It appears that Glass acted in good faith and that the delay was neither lengthy nor prejudicial.

In addition, we reject Glass's argument on appeal that the filing-fee provisions of the Prison Litigation Reform Act (PLRA) do not apply to her action. See 28 U.S.C. § 1915 (addressing in forma pauperis procedures for the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein"). The filing-fee provisions of the PLRA apply to civil actions and are not limited solely to prisoner-civil-rights actions. United States v. Jones, 215 F.3d 467, 469 (4th Cir. 2000), cert. denied, 532 U.S. 1053 (2001). Accordingly, Glass is not entitled to a waiver or refund of any filing fees.

We reverse the District Court's order denying Rule 60(b) relief, and we remand for further proceedings.

_____