# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2410

_____

| | | |
|---|---|---|
| David Eugene Bailey, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Jane Doe, #1; Unknown Nash; | * | |
| Unknown Calvin; Unknown Brothers; | * | [UNPUBLISHED] |
| Unknown Feith, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: September 28, 2011
Filed: October 26, 2011

_____

Before SMITH, ARNOLD, and BENTON, Circuit Judges.

_____

PER CURIAM.

Former Missouri inmate David Bailey appeals from the district court's Federal Rule of Civil Procedure 41(b) dismissal of his action without prejudice. The dismissal was based on his failure to comply with an order to pay an initial partial filing fee within a specified time period.

Upon careful review, see Boyle v. Am. Auto. Serv., Inc., 571 F.3d 734, 742 (8th Cir. 2009) (standard of review), we conclude that the dismissal of Mr. Bailey's action was an abuse of discretion because--based on his certified inmate account statements

and his assertions in the district court--it appears that his failure to make an initial partial payment on time was due to a lack of available funds. See 28 U.S.C. § 1915(b)(1) (stating that court shall collect initial partial filing fee "when funds exist"), (b)(4) (providing that prisoner shall not be prohibited from bringing civil action because he lacks assets and means to pay initial partial filing fee); Taylor v. Delatoore, 281 F.3d 844, 850 (9th Cir. 2002) (for prisoners whose prior account balances resulted in assessment of initial fee, but who do not have funds available when payment is ordered, § 1915(b)(4) should protect them from having their cases dismissed for non-payment); cf. Glass v. Scottrade, 354 Fed. Appx. 276, 276 (8th Cir. 2009) (unpublished per curiam) (district court abused its discretion in denying plaintiff's motion to reopen her case, where court had dismissed under Rule 41(b) for failure to pay partial filing fee within 30 days, and plaintiff explained in motion to reopen that she acted promptly to attempt to comply with court's order and that payment was late for reasons beyond her control).[1]

Accordingly, we vacate the district court's Rule 41(b) dismissal, and we remand the case for further proceedings consistent with this opinion.

_____

_____

[1]We note, however, that the district court's decision to sever Mr. Bailey's initial complaint into three separate actions--thus obligating him to pay three separate filing fees--appears to have been warranted.