# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2548

_____

David Eugene Bailey,

       Appellant,

v.

William McKinney, Doctor, Official
and Individual Capacity; Unknown
Harrod, Dentist, Official and
Individual Capacity; Lisa Spain,
Medical Director, Official and
Individual Capacity; Kim Unknown,
Nurse, Official and Individual
Capacity; Carla Unknown, Nurse,
Official and Individual Capacity,

       Appellees.

      Appeal from the United States
      District Court for the Eastern
      District of Missouri.

          [UNPUBLISHED]

_____

Submitted: September 28, 2011
Filed: October 26, 2011

_____

Before SMITH, ARNOLD, and BENTON, Circuit Judges.

_____

PER CURIAM.

Former Missouri inmate David Bailey appeals from the district court's Federal Rule of Civil Procedure 41(b) dismissal of his action without prejudice. The

dismissal was based on his failure to comply with an order to pay an initial partial filing fee within thirty days.

Upon careful review, we conclude that the dismissal of Mr. Bailey's action was an abuse of discretion because--based on his certified inmate account statements--it appears that his failure to make an initial partial payment on time was due to a lack of available funds, and because the court neither inquired as to whether Mr. Bailey had attempted to comply with the court's order nor provided him an opportunity to explain his failure to make a timely initial payment. See 28 U.S.C. § 1915(b)(1) (stating that court shall collect initial partial filing fee "when funds exist"), (b)(4) (providing that prisoner shall not be prohibited from bringing civil action because he lacks assets and means to pay initial partial filing fee); Taylor v. Delatoore, 281 F.3d 844, 850 (9th Cir. 2002) (for prisoners whose prior account balances resulted in assessment of initial fee, but who do not have funds available when payment is ordered, § 1915(b)(4) should protect them from having their cases dismissed for non-payment); Hatchet v. Nettles, 201 F.3d 651, 652-53 (5th Cir. 2000) (per curiam) (holding that it was abuse of discretion for district court to dismiss action for failure to comply with initial partial filing fee order, without making some inquiry regarding whether prisoner had complied with order by submitting required consent form within time allowed for compliance); see also Boyle v. Am. Auto. Serv., Inc., 571 F.3d 734, 742 (8th Cir. 2009) (standard of review). In addition, it appears that the district court received and accepted Mr. Bailey's initial partial filing fee after the court dismissed his action.

Accordingly, we vacate the district court's Rule 41(b) dismissal, and we remand the case for further proceedings consistent with this opinion. We also deny all pending motions.

———————————————