# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-2959

_____

Edward L. Clemmons

*Plaintiff - Appellant*

v.

City of Kansas City, Missouri, Police Department; Det. Warren Miller; Det. Thomas Marquist; Prosecutor of Jackson County, MO; Dept. of Corrections, for Jackson County, MO

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: December 14, 2012
Filed: December 21, 2012
[Unpublished]

_____

Before BYE, ARNOLD, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Illinois inmate Edward Clemmons appeals the district court's orders dismissing without prejudice, under Federal Rule of Civil Procedure 41(b), his 42 U.S.C. § 1983 action, and denying his Federal Rule of Civil Procedure 60(b) motion. The dismissal

was based on his failure to comply with an order to pay an initial partial filing fee within a specified time period. The matter is before the court for an in forma pauperis (IFP) determination. For the reasons stated below, we grant Clemmons IFP status. See Henderson v. Norris, 129 F.3d 481, 483-84 (8th Cir. 1997) (per curiam) (28 U.S.C. § 1915(b)(4) permits prisoner to appeal if he has no assets and no means to pay initial partial appellate filing fee; in such cases, appellate filing fees are to be collected and paid by installment method contained in § 1915(b)(2)).

After careful review, we conclude that the orders were an abuse of discretion, because the record showed that Clemmons did not ignore the district court's orders, but attempted to comply, and that his failure to comply was beyond his control. Specifically, his inmate account statements indicated a negative balance and showed the prison debited each monthly stipend deposit in full to pay the outstanding balance; he responded to the district court's orders by explaining why he could not pay; he nevertheless asked the prison to pay the partial filing fee from his next monthly deposit; and he attached to his Rule 60(b) motion a letter from the prison trust office denying his request to use part of his monthly stipend to pay the fee. See 28 U.S.C. § 1915(b)(1) (court shall collect initial partial filing fee "when funds exist"), (b)(4) (prisoner shall not be prohibited from bringing civil action because he lacks assets and means to pay initial partial filing fee); Taylor v. Delatoore, 281 F.3d 844, 850 (9th Cir. 2002) (plain language of § 1915(b)(4) compels holding that district court cannot dismiss IFP prisoner's case based on his failure to pay initial fee when his failure to pay is due to lack of funds available to him when payment is ordered); Glass v. Scottrade, 354 Fed. Appx. 276, 276 (8th Cir. 2009) (unpublished per curiam) (district court abused its discretion in denying plaintiff's Rule 60(b) motion, where court had dismissed under Rule 41(b) for failure to pay filing fee within 30 days, and plaintiff explained in Rule 60(b) motion that she acted promptly to attempt to comply with court's order and that payment was late for reasons beyond her control).

Accordingly, we reverse the district court's dismissal, remand the case for further proceedings, and deny the motion for appointment of counsel.

_____